*Alvin P. Hovey*, for the appellee.

May Term,
1861.

VAUGHN
v.
GRIFFETH.

---

### VAUGHN *v.* GRIFFETH.

On the trial of this cause below, the Court permitted the plaintiff to read in evidence parts of a book having the following title page, viz., "By authority of the General Assembly; Statutes of the State of Ohio of a general nature, in force *August,* 1854, with references to prior repealed laws. Collated and compiled by *Joseph R. Swan.* Published in pursuance of the act of *April* 18, 1854. *Cincinnati: H. W. Derby, & Co.* 1854." It appeared from the next page of the book, that the copyright had been secured by the publishers.

*Held*, that it sufficiently appeared that the book was a printed statute book of the State of *Ohio*, purporting to have been printed under the authority of that State.

APPEAL from the *Lagrange* Common Pleas.

HANNA, J.—Suit on the transcript of a justice's judgment, purporting to have been rendered in the State of *Ohio*.

*Monday, June* 10.

Answer: first, in denial; second, specially that there was no such judgment, &c.; third, that the said *John T. Mather* (the justice) had no jurisdiction, power, or authority to render said judgment. Reply, denial; trial by the Court; judgment for the plaintiff.

The Court permitted the plaintiff to give in evidence a book, and to read parts thereof, on the title page of which was printed the following: "By authority of the General Assembly; Statutes of the State of *Ohio* of a general nature, in force *August*, 1854; with references to prior repealed laws. Collated and compiled by *Joseph R. Swan.* Published in pursuance of the act of the General Assembly of *April* 18, 1854. *Cincinnati:* Published by *H. W. Derby & Co.* 1854."

On the opposite side of the same leaf was the following: "Entered according to the act of Congress in the year 1854, by *Henry W. Derby*, in the Clerk's office of the District Court of the *United States* for the District of *Ohio:* stereotyped and printed at the *Ohio State Journal Office, Columbus.*"

This was all the proof of the authenticity of the statutes read in evidence. It is objected that it does not sufficiently appear that the book, parts of which were so read, was a printed statute book of *Ohio*, purporting to have been printed under the authority of that State. 2 R. S., p. 90.

By the other party it is insisted that it does so appear; and if not, it is argued that 2 R. S., § 83, p. 45, was intended to change the rule of pleading (by making it unnecessary to aver matters before then necessary to be averred) but was not intended to, in any manner, change the rules of evidence which had theretofore obtained in this State. It is therefore urged, that by 2 R. S., § 279, p. 90, transcripts of judgments, &c. of justices of the peace of other States, when properly certified, "shall be admissible as evidence in any of the Courts of this State;" that such transcripts are all the evidence that need, in the first instance, to be offered by the plaintiff in a suit here upon the same. The latter part of this proposition is adverse to the decisions in *Willey* v. *Strickland*, 8 Ind. 453; and *Draggoo* v. *Graham*, 9 Ind. 213; and we see no sufficient reason to change the conclusions therein arrived at.

As to the question presented by the appellant, we are of opinion that the decision of this Court in *Magee* v. *Sanderson*, 10 Ind. 261, is not decisive of this case against the admission of said evidence. That case was decided upon the ground that the printed matter offered as testimony did not purport to have been published by authority. In the case at bar, that offered does purport to have been so published, and was therefore correctly admitted as evidence under the statute referred to.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*A. Ellison*, for the appellant.

*J. B. Howe*, for the appellee.