[No. 3114.   Decided December 16, 1898.]

WILLIAM P. TRIMBLE, as *Administrator, Respondent,* v. THE NEW YORK LIFE INSURANCE COMPANY, *Appellant.*

LIFE INSURANCE—NOTICE OF PREMIUM DUE—SUFFICIENCY.

Under Laws N. Y. 1877, ch. 321, providing that whenever any premium due on any policy shall remain unpaid when due, a written or printed notice stating the amount of such premium due on such policy, the place where such premium should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured at his or her last known postoffice address, postage paid, stating that unless the premium be paid within thirty days after the mailing of the notice the policy would become forfeited, but containing a proviso "that a notice stating when the premium will fall due and if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for," it is not necessary for a notice served between thirty and sixty days prior to the falling due of the premium to state more than that the premium on a certain numbered policy will become due on a given date, and unless then paid the policy will become forfeited and void.

Where by the terms of a policy of insurance a premium was due and payable upon a given date, the fact that by a clause on the back of the policy a grace of thirty days was given upon all premiums falling due would not affect the date of the maturity of the premium, so far as the matter of giving the statutory notice to the insured is concerned.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*R. W. Emmons,* and *George H. Durham,* for appellant.

*John L. Neagle,* and *George E. de Steiguer,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by the plaintiff upon a life insurance policy issued by the New York Life Insurance Company upon the life of one Edward H. Fleming, who was the former husband of Sallie F. Redding, deceased. The policy is for the sum of $5,000. It is not necessary to repeat the complaint, as it is the usual complaint in such cases, showing the facts necessary to recover, if the allegations be true. The answer denies the liability, avers the giving of the notice required in due form, and the lapse of the policy for non-payment of the premium for the year 1888; that by the terms of the policy the premium of $145.85 was payable annually on or before the thirty-first day of October in every year during the continuance of the policy; that but one premium was paid, to-wit, at the issuance of the policy. The annual premium fell due on the 31st day of October, 1888. On the 20th day of September, 1888, a notice was sent to the last known address of Edward H. Fleming, at Fresno, Fresno county, California. Fleming died in February, 1895. Mrs. Fleming was married to David A. Redding on September 9, 1895, and died on January 5, 1896, and this case is brought by her administrator. Judgment was rendered in favor of the plaintiff, from which judgment an appeal is taken to this court.

There is only one question involved in this case, and that is as to the sufficiency of the notice given under the laws of New York. We may state here, before proceeding

to the investigation of this question, that there seems to be no merit in the motion filed by respondent to affirm the judgment; and we are also of the opinion that the courts of this state have jurisdiction of this action. The statute of New York (Laws N. Y. 1877, ch. 321) under consideration is as follows:

" No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest or any portion thereof except as hereinafter provided. Whenever any premium or interest due on any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last known postoffice address, postage paid by the company or by an agent of such company or person appointed by it to collect such premium. Such notice shall further state, that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon would become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is pay-

able, shall have the same effect as the service of the notice hereinbefore provided for."

The notice which was mailed was as follows:

"New York Life Insurance Company.   346, 348 Broadway, New York.   The........annual premium on policy number two hundred and sixty-four thousand and sixty-two (264,062) will be due October 31, 1888, if all previous premiums have been duly paid and said policy is otherwise in force.   If not then paid, the policy and all payments thereon will become forfeited and void.   This notice is given for no other purpose than to meet requirement of state law so far as it may be applicable to policies issued by this company, and does not affect the claim for any paid-up insurance which may be provided for by the terms of any policy.   As an act of courtesy the company purposes sending its usual form of notice as to above premium.   Please notify the company of any change in your postoffice address. (Signed).   William H. Beers, President."

It is not necessary to mention the proof of this notice, as it is conceded by the respondent that the judgment is based, not upon the insufficiency of the affidavit, but the insufficiency of the notice.   It is contended by the respondent that the defense of non-payment of premiums could not be raised under this notice, for the reason that it did not comply with the requirements of the law of New York just above quoted, in that the notice did not state the amount of the premium, the person to whom the same was payable, or the place where it was payable.   It will be observed that the proviso to the act does not meet the requirements contended for by the respondent; but it is insisted that the whole act must be construed for the purpose of ascertaining the meaning of the proviso, and that when so construed it will be determined that all the requirements of the first notice provided for in the law must be presumed to have been incorporated in the proviso—in other

words, that such a construction renders necessary the incorporation in the second notice of the amount of the premium, the interest due on the policy, and the place where and to whom said premium or interest is to be paid. We do not think this is a reasonable construction of this law. Conceding the rule for the construction claimed by the respondent, viz., that all parts of the statute must be construed together, it seems to us that the proviso here can stand as an independent proposition, complete and perfect within itself, and that, when its plain terms were complied with, the duty of the company towards the assured had been performed. It may be true, as contended, that this law was made for the benefit of the assured, but the benefit was conferred when the notice was given.

Nor do we think that the cases which are cited by respondent sustain the construction contended for. *Rowe v. Brooklyn Life Ins. Co.,* 38 N. Y. Supp. 621, is decisive of questions only which are entirely foreign to the question under discussion here. So far as the case concerns a question of notice, all that was decided was that where a contract of life insurance was made with the beneficiary to whom the policy was delivered, where the person whose life was insured had no interest in the policy, and the beneficiary was designated as the person who must pay the premiums, such beneficiary was the person assured, and that the law providing for the notice which we have mentioned above would not be complied with by serving the notice on the person whose life was assured. It is true that in that case the court remarked that the notice did not state the correct amount due and that the policy could not, therefore, be forfeited by the non-payment of such excessive amount, and that for that reason the notice was not the statutory notice; but this was only incidental to the main question decided, and, if the opinion had been based on that fact, it is not such a fact as occurs in this case, for

that was a misleading statement, and, where a larger amount was demanded than was actually due, such demand might well be held to have delayed the payment of the amount due.

In *De Frece v. National Life Ins. Co.*, 136 N. Y. 144 (32 N. E. 556), the notice which was served did not state the amount specified in the policy, but a smaller sum, which was subsequently paid to, and accepted by, the company. This was also an incident in the case, for the court finds that the default was not claimed on that account, but upon one which was alleged to have occurred afterwards. In that case there was an agreement as to the time of the payments, and the defense was upon the fact that the payments had not been made in accordance with the subsequent agreed conditions; and the court found that the company had failed by its proof to establish this fact, but that the proof showed an agreement to accept payment within a reasonable time after the payments became due. The question of the sufficiency of the notice was in no way involved, for the concluding expression of the court is as follows:

"As the defendant was never in a position where it could insist upon a forfeiture, it becomes unnecessary to consider the question of the sufficiency of the notice served."

The respondent quotes the following language from that case, to-wit:

" It is evident that if the defendant relied upon the literal terms of the bond it had no defense to the action. The agreement of the insured was to pay $63.74 annually on the 27th day of October, and under the law of this state a failure to make such payment would not work a forfeiture of the policy, unless the defendant, more than thirty and less than sixty days prior thereto, served upon the insured a notice that if that sum was not paid on or before that day the policy would become lapsed and forfeited;"

and italicises the words "that sum," and attributes to them an importance which it seems to us the court, in rendering the opinion, did not contemplate. The court, in the discussion of this question, evidently did not attribute any particular importance to the amount involved in the notice, but simply used the words "that sum" with reference to the amount of the premium due, whatever it might be.

In *Hicks v. National Life Ins. Co.,* 60 Fed. 690, on the question of notice, it was simply held that by computation, and by excluding the day of mailing, the notice had not been mailed thirty days prior to the time when the premium fell due. The question under discussion here was not involved in that case. The words of the court quoted in respondent's brief, to-wit:

" The policy cannot be forfeited 'until the expiration of thirty days after the mailing of such notice.' The proviso authorizing an advance notice to be given is not intended to curtail the privilege of the assured, but gives the insurance company the option of serving the notice with the same effect as though served subsequently to a default,"—

were used with reference to the time and have no bearing, that we can discover, upon the sufficiency of the notice itself. The same may be said of *McMaster v. New York Life Ins. Co.,* 78 Fed. 33. It is true that the court there lays down some general propositions to the effect that, in determining the true construction of contracts of this kind, regard must be had to all of its provisions, and that if there is uncertainty and ambiguity, resulting from the language used in different clauses, the construction most favorable to the insured must be adopted, upon the principle that it is the company that prepares the contract, the assured not being consulted with regard to the form thereof, and that all doubts in regard to its meaning must be resolved against the company; and to the further effect

that courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so, upon which the party has relied and acted; citing *New York Life Ins. Co. v. Eggleston,* 69 U. S. 572.

But, accepting all these general propositions as true, we do not think that they bear upon the particular question at issue here. Nor do we think that the case relied upon by the respondent, viz., *Phelan v. Northwestern Mutual Life Ins. Co.,* 113 N. Y. 147 (20 N. E. 827, 10 Am. St. Rep. 441), throws any particular light upon this question. Nor do any of the cases cited. One of the cases cited by the respondent, viz., *People v. Commercial Alliance Ins. Co.,* 48 N. Y. Supp. 389, decides that where the terms of a policy of life insurance are so conflicting and ambiguous as to leave it uncertain whether premiums must be paid upon a given day in a month, or may be paid at any time during that month, the company will be bound by a practical construction given for a considerable period by its notices acted upon in accepting payments. And so we think that the assured also must be bound by a practical construction of the law in this case.. While it is probably true that the law was made for the benefit of the assured, it was evidently intended as a reminder to him of the coming due of the premium, so that he might not unawares, or through a fault of memory, allow his policy to lapse and forfeit his rights under the contract, upon which he had already paid out money; and, when the notice which was sent in this case was received by the insured, it seems clear that the object of the law was met, and that his attention was called to the fact that the premium was about to become due, and to the further fact that, if it was not paid within a certain time, it would be forfeited. The name of the company was given, in which he was insured, and the

number of his policy, and it would not be true to say that he was not notified of the fact that the premium would come due on a certain date because the particular amount of the premium was not specified. That was a particular fact, the knowledge of which was in his own possession. He was the custodian of the policy, and he only had to recur to the policy, if he had forgotten the amount, to obtain the information which he complained of not receiving. The evident intention of the law, we think, however, was not to apprise him of the amount which was due, but of the time when the amount became due. While the statute was no doubt enacted for the benefit of people who insured in these cases, the law recognizing the fact that they were not people who were expert or careful in transacting business, yet it evidently was not the intention to make the law operate oppressively upon the insurance companies, but was enacted simply in the interest of justice. While courts have always been ready to protect the assured from oppressive and technical conditions which are frequently incorporated in insurance policies, and are misleading to the untrained mind, this provision of the law does not need any strained or extended construction to effectuate that protection; and where the essential facts required by the statute are stated in the notice, essential in the sense of meeting the true intent of the law, viz., to place the assured upon his guard, it would be wrong to hold that the notice should be disregarded, even if the statute were not literally complied with, though in this case it seems to us that there was a literal compliance with the provisions of the statute.

The next contention is that the notice was invalid for the reason that it was given more than sixty days before the premium became payable. In accordance with the terms of the policy, the annual premium was due on the 31st day of October during each year that the policy continued in force. Notice was sent on the 20th day of Sep-

tember, 1888, so that it is plain that on the face of the
policy the notice which was given complied with the
statute.   But it is contended that the number of days be-
tween the giving of the notice and the date when the policy
was due was changed by virtue of a clause on the back of
the policy which provided that on any payments of pre-
miums falling due, a grace should be allowed of one month,
and providing that, in all cases where this grace was
availed of, a fine at a rate of ten per cent. per annum
should be paid to the company for the time deferred; and
it is earnestly insisted by the respondent that the days of
grace should be counted in determining the time when the
payment was due.   The cases cited by the respondent do
not serve to enlighten us on this proposition, but we think
that this would be a strained and unnatural construction
of the contract; that, under the terms of the contract, it
was readily understood that the payments would fall due
on the 31st of October; and that, if the company had not
given its notice until such time in October as would have
prevented a thirty days' notice before October 31st, the
notice would have been too late and would not have
availed it for the purpose of declaring a forfeiture.

The plaintiff has no equities in this case, and, if he re-
cover at all, it must be upon his strict legal rights.   We
think such rights have not been shown, under the facts
proven, and that he has no just or legal demand against
the appellant.

The judgment will therefore be reversed, with instruc-
tions to dismiss the action at the cost of the respondent.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ.,
concur.