E. D. SUMMIT, Administratrix, Appellant, v. UNITED STATES LIFE INSURANCE COMPANY, Appellees.

Life Insurance: PLACE OF CONTRACT. A policy of insurance issued to a resident of this state, executed at the home office of the company in New York and providing for payment of the insurance and premiums at said office, was a New York contract, although it contained a provision that it should become effective on delivery but there was no showing of a delivery elsewhere.

Laws of Another State: AUTHENTICATION: PRESUMPTIVE EVIDENCE. A book entitled "The Laws" of a state passed at specified sessions of the legislature, and bearing a certificate of the secretary of state that the volume was printed under his direction and that the certificate was made in conformity with the laws of the state, though having the imprint of a private publisher, purports to have been published by state authority and is admissible as presumptive evidence of such laws.

Non-Payment of Premium: FORFEITURE: SUFFICIENCY OF NOTICE OF PREMIUM. In an action on a life insurance policy, to which the defense of failure to pay the premiums was entered, plaintiff contending that there was not a forfeiture of the policy by reason of the insufficiency of notice of premium under the New York statute, the notice was held not insufficient because (1) sent by one not authorized to collect premiums; (2) because of the condition "if the policy be in force at that date;" (3) because of the condition "unless the premium shall be paid to the company or to the person authorized to collect such premium holding the company's receipt therefor, signed by the treasurer and secretary" etc; (4) because of days of grace; or (5) because premium receipt was sent to an agent without notice to assured.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

WEDNESDAY, MAY 4, 1904.

ACTION at law upon a policy of life insurance issued by
defendant company upon the life of William J. Summitt,
now deceased, and made payable to the executors, adminis-
trators, or assignees of the assured. Plaintiff is the admin-
istratrix of the assured, and brings this suit to recover $2,000,
the amount promised to be paid in the event of the death of
the insured. Defendant pleaded that the policy had been
forfeited long before the death of the insured, and other mat-
ters to which we shall refer during the course of the opinion.
The case was tried to a jury, resulting in a directed verdict
for defendant, and plaintiff appeals.—*Affirmed.*

*Clark Varnum, Jacob Sims* and *W. A. Foster* for
appellant.

*N. T. Guernsey* and *Mayne & Hazelton* for appellee.

DEEMER, J.—William J. Summitt, who lived at Carson,
in this state, took out a policy of life insurance for the sum
of $2,000, in the defendant company, in January of the year
1893. He paid the first year's premium of $30.54, and
agreed to pay an annual premium of like amount on the 27th
day of January in each and every year during the continu-
ance of the contract. These payments were to be made at
the company's offices in New York City, and payment of the
insurance was also to be made at that place. The policy was
to take effect upon the delivery thereof to the assured, but
it was signed at the home office in New York City. Nothing
is shown regarding the place of actual delivery, although de-
fendant pleaded a forfeiture thereof, "pursuant to the stat-
utes of the state of New York." During the trial the quoted
part of this plea was withdrawn, and plaintiff thereupon
pleaded that the policy was governed by the laws of the state
of New York, and set forth what purported to be the statutes
of that state regarding forfeiture of life insurance policies.
Defendant also pleaded failure on the part of the assured to
pay any of the premiums called for by the contract of insur-
ance, save the first one, and relied upon this provision of the

policy as a complete defense: "Failure to make payment of any subsequent premium either to the Company or to a duly authorized agent in exchange for receipt signed as above, or non-payment of principal or interest on any note given in connection with this policy when due, will render this contract null and void. Whenever this policy shall become null and void from any cause, all payments made hereunder shall become forfeited to the Company." The assured died on the 8th day of August 1897. On July 9, 1900, defendant was notified of his death, and requested to send blanks for proofs of his death. The defendant company denied liability, and refused to send the blanks. This suit followed. Plaintiff pleaded nothing but the issuance of the policy, the death of the assured, the appointment of the administratrix, and waiver of proofs of death. The defenses to the action have already been noticed.

Something is said in argument with reference to the insufficiency of the allegations of the petition, but, as that point does not seem to have been raised in the lower court, we give it no attention. Primarily, the case hinges on the question as to whether or not the policy was a New York contract.

Appellant practically concedes that, if it is an Iowa contract, she has no right to recover. To our minds the evidence shows that the contract was made, executed, and delivered 1. PLACE of in the state of New York, and that it is to be contract. governed by the laws thereof. This brings us, then, to another disputed proposition, and that is, what was the law of New York at the time it is claimed the policy was forfeited?

Appellant introduced a statute of that state passed in the year 1876, with reference to the forfeiture of life insurance policies, which provided, in substance, that no such poli-2. LAWS of cies should be forfeited unless a notice in writ-another state: authentica- ing, stating the amount of the premium, when tion: pre-sumptive due, and the place where it should be paid, evidence. "shall have been addressed and mailed by the company issuing the policy to the assured, postage paid, at

his last known post office address, not less than thirty or more than sixty days next before such payment becomes due," etc. To meet this, defendant offered in evidence what purported to be "The Laws of the State of New York passed at the 115th Session of the Legislature ending April 21st, 1892, and at an extraordinary session began on April 25th, 1892, and ending April 26, 1892." They bore the imprint "Albany. Banks Brothers publishers 1892." After the title page the book bore the following certificate:

"Certificate.
"Office of the Secretary of the State of
New York.
"Albany, August 1, 1892.

"Pursuant to the directions of an act entitled 'An act relative to the publication of the laws,' passed April 12, 1843, I hereby certify that the following volume of the laws of this state was printed under my direction.

"Frank Rice, Secretary of State."

Together with the following lines below, viz:

"In this volume every act which received the assent of the majority of all the members of the Legislature, three-fifths of all the members elected to either House being present, pursuant to section 21 of article 3 of the Constitution of this state, is designated 'passed, three-fifths being present.' See Laws of 1847, chapter 253, as amended by Laws of 1888, chapter 4. And every act which received the assent of two-thirds of all the members elected to each branch of the Legislature, pursuant to section nine of article one of the Constitution of this state, under its title, by the words 'passed by a two-thirds vote.' See Laws of 1842, chapter 306, as amended by the laws of 1888, chapter 4."

Appellant objected to these publications because they do not purport to have been published by authority of the state of New York, because not proved to have been published by authority of said state, and because not proved to be commonly admitted as evidence of the laws of New York in the courts of that state. Section 4651 of our Code reads as fol-

lows: "Sec. 4651. Printed Copies of the Statutes. Printed copies of the statute laws of this or any other of the United States, or of Congress, or of any foreign government, purporting or proved to have been published under the authority thereof, or proved to be commonly admitted as evidence of the existing laws in the courts of such state or government, shall be admitted in the courts of this state as presumptive evidence of such laws." Such statutes as this are common to many of the states of this Union, and have frequently been before the courts for construction. The real question before us in this connection is, do these certificates which we have quoted show that the so-called "Statutes of the State of New York" purport to have been published under the authority of the state? If so, the books were admissible in evidence; if not, they should not have been received. We think they do so show. In this we are sustained by the following cases construing similar statutes: *Vaughn v. Griffith,* 16 Ind. 353; *Eagan v. Connelly,* 107 Ill. 458; *Paine v. Lake Erie R. R.,* 31 Ind. 283; *Falls v. U. S. Savings Co.,* 97 Ala. 417 (13 South. Rep. 25, 24 L. R. A. 174, 38 Am. St. Rep. 194); *Merrifield v. Robbins,* 8 Gray, 150; *Leach v. Linde,* 70 Hun. 145 (24 N. Y. Supp. 176). See, also, *Webster v. Rees,* 23 Iowa, 270. The case is readily distinguishable from *Goodwin v. Provident Ass'n,* 97 Iowa, 227. There, there was no certificate that the statutes were published by authority. The showing simply was that the Secretary of State had compared them with the original and found them correct. They were not published by authority of the state, but by a private individual.

The particular statute relied upon by the defendant which appears in this book reads as follows, to wit: "Sec. 92 [Laws N. Y. 1892, p. 1972, c. 690]. No forfeiture of

3. NON-PAY-MENT of premium: forfeiture: insufficiency of notice of notice of premium. policy without notice. No life insurance corporation doing business in this state shall declare forfeited or lapsed any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is

a term insurance contract for one year or less, nor shall any such policy be forfeited or lapsed, by reason of non-payment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice, stating the amount of such premium, interest, installment or portion thereof, due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post-office address, postage paid by the corporation, or by an officer thereof or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable.

"The notice shall also state that unless such premium, interest installment, or portion thereof, then due shall be paid to the corporation, or to a duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value, or paid up policy as in this chapter provided.

"If the payment demanded by such notice shall be made within the time limited therefor, it shall be taken in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or lapsed until the expiration of thirty days after the mailing of such notice.

"The affidavit of any officer, clerk or agent of the corporation, or of any one authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be presumptive evidence that such notice has been duly given."

On January 5, 1894, the defendant company, acting under this statute, mailed the assured the following notice: "B. 23121.  Des M.  William J. Summitt, Carson, Iowa. The United States Life Insurance Company.  In the City

of New York. 261, 262, 263 Broadway, New York. No-
tice is hereby given pursuant to chapter 690 of the Laws of
New York, of 1892, that the annual premium on Policy No.
75,338, amounting to $30.54, will fall due and be payable
to the company, at its office in the city of New York, on Jan-
uary 27th, 1894,—if said policy be in force on that day.
And unless such premium be paid to the company, or to a
person authorized to collect such premium, holding the com-
panies receipt therefor signed by the President, Secretary,
Assistant Secretary or Actuary, by or before the day it falls
due, or within ten days thereafter (ten days grace being
hereby allowed) the policy and all payments thereon will be-
come forfeited and void, except as to the right to such paid
up policy or surrender equity as the policy holder may be en-
titled to under the provisions of said chapter, or by the terms
of said policy. C. P. Fraleigh, Secretary."

Conceding, arguendo, that the statute which we have
quoted was in force when this notice was sent, appellant con-
tends that it is insufficient in the following particulars:
First. Because the person who sent it was not the corpora-
tion, nor an officer thereof, nor a person appointed by it to
collect such premium. Second. Because of the condition in
the notice, "if such policy be in force on that date." Third.
Because of this provision: "Unless such premium shall be
paid to the company, or to the person authorized to collect
such premium holding the company's receipt therefor, signed
by the treasurer and secretary," etc. Fourth. Because of
the ten days of grace allowed. Fifth. Because the premium
receipt was sent to one Spinney, the defendant's agent at Des
Moines, without notice to the insured thereof. Of these in
their order.

The first point seems to be based upon a misconstruction
of the statute. It says that postage must be paid by the cor-
poration, or by an officer thereof, etc. But, if it read as con-
tended by appellant, the notice was given by the secretary
of the defendant, who was, of course, an officer thereof. The
affidavit required was made by a clerk or agent, or one auth-

orized to mail the notice, as provided in the latter part of the statute quoted.

The second point is wholly without merit. The statement made in the notice was for the protection of the company, and had no tendency to mislead or prejudice the rights of the assured. It was to save any question of waiver of prior defaults through the sending of the notice.

The statement as to where the premium might be paid, which is referred to in the third objection, was for the benefit of the assured. He could advantage himself of the provision, or not, as he saw fit. If he was not notified as to the name and address of the agent who held the premium receipt, this in no manner relieved him from the necessity of paying the premium at the home office, as provided in his policy and as suggested in the notice. If he was not advised as to who held the premium receipt, his duty was clear.

.Every matter of which the assured was entitled to notice with reference to the payment of his premium, and of the consequences of his failure to do so, was set forth in the notice. The statement as to the ten days of grace could in no manner have misled or prejudiced the assured. At most, it amounted to a statement that if the premium was not paid within ten days after January 27, 1894, the time when it became due, the policy and all payments thereunder would become forfeited and void, except as to paid-up or surrender value. The ten days were allowed as a mere matter of grace and the insured could not have been misled, as in *N. Y. L I. Co. v. Dingley,* 93 Fed. Rep. 153 (35 C. C. A. 245) relied upon by the appellant.

The last point made by the appellant simply casts an additional burden upon the defendant, and that was to show that the person who held the premium receipt did not receive the premium from the assured. This burden was fully met by the defendant, for it showed that Spinney did not receive payment, and that the premium receipt sent him was returned to the defendant's home office.

Our conclusions as to the sufficiency of the notice find support in the following cases: *Schuell v. Mut. Life Ins. Co.* (Sup.) 65 N. Y. Supp. 889; *McDougall v. Provident Co.,* 135 N. Y. 551 (32 N. E. Rep. 251); *Trimble v. Life Ins. Co.,* 20 Wash. 386 (55 Pac. Rep. 429). We think the notice substantially met the requirements of the statute, and that it was sufficient. *Fischer v. Life Ins. Co.* (Sup.) 56 N. Y. Supp. 260, is not in point, for the reason that the affidavit in this case was supplemented by the testimony of the person who made it, to the effect that he had mailed, stamped, and properly delivered the notice. We have already referred to the only other cases cited by appellant, and find nothing therein which runs counter to our views.

There is no pretense that the insured ever paid any of the premiums save the first one. Defendant has shown the giving of the requisite notice, under the New York law, and we think has sufficiently shown the nonpayment of the premium in response thereto. True, the evidence as to nonpayment is not absolutely conclusive, but, remembering that the fact of nonpayment is more difficult to prove than payment, we think it was sufficient, especially in view of the fact that there is no affirmative claim on behalf of the plaintiff that any premiums after the first one were paid.

Plaintiff is evidently relying on defendant's inability to prove a forfeiture under the New York law, and, as defendant has shown substantial compliance with that law, and offered such proof as was in its possession regarding nonpayment of premiums, we think it made out at least a *prima facie* case, and that a verdict for the plaintiff on such a showing could not have been sustained.

The trial court was therefore right in directing a verdict for defendant, and the judgment is AFFIRMED.