CARRIE M. FLINT, Respondent, *v.* THE PROVIDENT LIFE AND TRUST COMPANY OF PHILADELPHIA, Appellant.

Insurance (life) — forfeiture of policy for non-payment of premium — when notice to pay premium not sufficient to authorize forfeiture.

A notice to the insured under section 92 of the Insurance Law (L. 1909, ch. 33; Cons. Laws, ch. 28) entitled, "No forfeiture of policy without notice," which fails to state that the policy will become forfeited if payment is not made "by or before the day it falls due," is not sufficient to authorize a forfeiture for non-payment of premium.

*Flint* v. *Provident Life & Trust Co.*, 157 App. Div. 885, affirmed.

(Argued March 22, 1915; decided June 8, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department,

entered May 28, 1913, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. Mallet-Prevost* for appellant.    The notices mailed to the insured in this case complied with all the requirements of the statute. (Cons. Laws, ch. 28, § 92; *Schad* v. *S. M. L. Assn.,* 11 App. Div. 487; *Trimble* v. *N. Y. L. Ins. Co.,* 20 Wash. 386; *N. L. Ins. Co.* v. *Meinert,* 199 U. S. 171; *Schnell* v. *Mutual Life Ins. Co.,* 53 App. Div. 172; *Summitt* v. *Ins. Co.,* 123 Ia. 681; *S. T. & L. Ins. Co.* v. *Hallum,* 32 Tex. App. 134.)    No particular form is prescribed by the statute for the notice of the falling due of premiums, and any notice which embodies the substantial requisites enumerated by the statute is sufficient. (*McDougall* v. *P. S. Society,* 135 N. Y. 551; *N. L. Ins. Co.* v. *Meinert,* 199 U. S. 171; *Schnell* v. *M. L. Ins. Co.,* 53 App. Div. 172.)    The purpose of the statute in requiring notice to be given to the insured is subserved by a substantial compliance with the requirements of the statute.    (*Trimble* v. *N. Y. Life Ins. Co.,* 20 Wash. 386.)

*Edgar T. Brackett* and *Maynard N. Clement* for respondent.    The notice, upon which the appellant here relies, does not comply with the requirements of the statute and was not effective to cause the policy to lapse. (Cons. Laws, ch. 28, § 92; *Fischer* v. *Met. L. Ins. Co.,* 167 N. Y. 178; *Carter* v. *B., etc., Ins. Co.,* 110 N. Y. 15.)

WILLARD BARTLETT, Ch. J.    This is an action upon two policies of life insurance, which was tried at Special Term by consent, and resulted in a judgment in favor of the plaintiff which has been unanimously affirmed by the Appellate Division.

The only question which it is necessary to consider

upon the appeal is the sufficiency of the notice served upon the insured to effect a forfeiture.

The notice read as follows:

> "Please advise any Change of address
> "The Provident Life and Trust Company of
> Philadelphia (Pa.)

---

> "Please return this notice with remittance to
>      "William T. Ferris, General Agent
> "Rooms 414-417 Singer Building.   149 Broadway, corner
>            Liberty Street
>                "New York City, *Dec.* 14, 1911.

"Arden A. Flint,
   "371 Hamilton St.,
         "Albany, N. Y.:

"Take notice that the Premium noted below will be due on Policy No. 103544 on 12 Mo. 30, 1911, if said Policy be then in force, and that, if not paid, the Policy and all payments thereon will become forfeited and void, except as to the right to a surrender value or paid-up Policy which may be provided in said Policy or by statute.

"Premium          $38.60
"Less reduction                              Addition $

"Amount Due    $

>         "WILLIAM T. FERRIS, General Agent.

"If the distribution of surplus is used as cash or to reduce premium, sign and return the enclosed receipt."

Section 92 of the Insurance Law (Laws of 1909, ch. 33; Cons. Laws, ch. 28), which is entitled "No forfeiture of policy without notice," provides that no policy of life insurance (with certain exceptions not material here) shall be forfeited or lapsed, by reason of the non-payment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid within one year from the failure to pay the same "unless

a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy," within a specified period. The contents of such notice are further prescribed as follows: " The notice shall also state that unless such premium, interest, installment or portion thereof, then due, shall be paid to the corporation, or to the duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy as in this chapter provided."

The notice in the present case is defective because it fails to state that the policy will become forfeited if payment of the premium is not made " by or before the day it falls due."

It does tell when the premium is due; it also says that if the premium is not paid the policy and all payments thereon will become forfeited and void; but it does not declare that these consequences will ensue if the premium be not *then* paid or be not paid " by or before " that day.

In other words, the notice does not negative the possibility that a forfeiture may be avoided by paying the premium *after* the day when it falls due.

The notice prescribed by the statute is designed to impress upon the insured the absolute necessity of paying by or before that date if he would avoid forfeiture.

This feature is so essential that its absence is fatal.

Unless there is something in the language of the insurance contract to render it inapplicable the language of the statute may readily be incorporated in the notice. It is difficult to understand why insurance companies manifest

so much reluctance to use it. In *McDougall* v. *Provident S. L. A. Society* (135 N. Y. 551) a departure from the words of the statutory provision was sanctioned, but this was because the contract of insurance was out of the ordinary form; and it was nevertheless expressly held that every essential fact required to be made known must be intelligently stated in the notice. The paper served must embody the notice which the statute requires, either in the words of the statute or their equivalent. (*Phelan* v. *Northwestern Mut. Life Ins. Co.*, 113 N. Y. 147.) In *Trimble* v. *N. Y. Life Ins. Co.* (20 Wash. 386), largely relied upon by the appellant, the notice was that the annual premium would be due October 31, 1888, and "if not *then* paid" the policy and all payments thereon would be forfeited. The words quoted were equivalent in meaning to the phrase "by or before the day it falls due," which the statute prescribes. There is no such equivalent in the notice in the present case.

In *Nederland Life Ins. Co.* v. *Meinert* (199 U. S. 171) the Supreme Court of the United States speaking through PECKHAM, J., considered the character of forfeitures in life insurance and construed section 92 of chapter 690 of the Laws of 1892 which was identical with section 92 of the present Insurance Law. The notice in that case was assailed because it mistakenly stated that the policy "by its conditions" would be void, while in fact the notice used the language of the statute and not that of the contract of insurance. This mistake was held to be immaterial; but it is to be observed that the notice in that case complied absolutely and exactly with the requirements of the statute in declaring that the failure to pay the premium by or before the date when it fell due would forfeit the policy and all payments thereon. The case, therefore, is in no sense an authority in favor of the appellant. On the contrary, it asserts in the plainest terms that the notice should follow the statute in respect to the contents of the notice.

If that simple requirement were complied with, cases of this character would not arise. It was not observed here and hence the service of the notice was not effective to forfeit the policies in suit.

The judgment should be affirmed, with costs.

HISCOCK, COLLIN, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.