Mary E. McDonald, Respondent, v. Ætna Life Insurance Company, Appellant.

First Department, March 22, 1918.

Insurance — life insurance — forfeiture — sufficiency of notice under section 92 of Insurance Law.

A notice sent by a life insurance company pursuant to section 92 of the Insurance Law in the form of a card stating on the front thereof that the payment " will become due on the 2nd day of April, 1916," and stating on the reverse side, after a provision allowing thirty-one days' grace and advising that " practically it is better to pay promptly when due," that " unless such payment shall be made to said company or its duly authorized agent in accordance with the above notice," the contract will be forfeited, etc., is fatally defective for failure to inform the assured of the date on which the payment must be made in order to avoid a forfeiture.

The law does not permit forfeiture upon notices that are not plain and clear, and that do not substantially comply with the statute.

Quære whether the printed matter on the back of the card can be fairly said to constitute a part of the notice, there being no reference thereto.

Appeal by the defendant, Ætna Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 3d day of May, 1917, upon the verdict of a jury rendered by direction of the court, both sides having moved for a direction of a verdict after the jury had answered a specific question of fact submitted to them.

*Keyes Winter* of counsel [*Walter S. Logan* with him on the brief; *Winter & Winter*, attorneys], for the appellant.

*Julius Blumofe*, for the respondent.

SHEARN, J.:

This case involves the sufficiency of a. notice sent by the defendant life insurance company pursuant to section 92 of the Insurance Law (Consol. Laws, chap. 28; Laws of 1909, chap. 33), under which it claims a forfeiture of the policy. The notice sent by defendant to the assured was in the form of a card. On the face thereof were the following words and no others:

"Form No. 334.
"Edition Oct., 1910.
        " ADVANCE NOTICE OF PREMIUM
      " AS REQUIRED BY LAWS OF NEW YORK,
        " NORTH CAROLINA AND LOUISIANA.
                            " March 1, 1916.
" DEAR SIR.— You are hereby notified that the payment of $49.05 on Contract No. 432024 in the ÆTNA LIFE INSURANCE COMPANY, of Hartford, Connecticut, will become due on the 2nd day of April, 1916.
                    " B. F. REINMUND,
                        " *Manager*,
                " Room 406 Essex Building,
            " Cor. Clinton and Beaver Streets
                    " Newark, N. J.
" EDWARD F. McDONALD,
        " 454 W. 58th St.
            " N. Y. City.
" For Cash Policies with Annual Dividends."

On the reverse side of the card there was printed the following:

" Thirty-one days' grace are allowed in the payment of premiums, but interest at 6% is charged for the time deferred, and practically it is better to pay promptly when due.

" Unless such payment shall be made to said Company or its duly authorized agent in accordance with the above notice, the Contract and all payments thereon will become forfeited

and void, except as to any right that may have accrued to an extension, a surrender value or paid-up policy, as in the contract provided.

" Before the premium becomes due, we will endeavor to send you the usual detailed Statement, showing the amount of cash that will be required after deducting the dividend. Should such Statement not be received, you will remit in accordance with the above and the dividend will be forwarded to you as soon as it is determined. Payment may be made as directed by the General Agent or in the absence of such direction to the Ætna Life Insurance Co., Hartford, Conn."

Assuming that the printed matter on the back of the card should be held to constitute a part of the notice, such notice is in my opinion fatally defective because of its failure to inform the assured of the date on which the payment must be made in order to avoid a forfeiture. The notice on the front of the card stated that the payment " will become due on the 2nd day of April, 1916." On the reverse of the card, after the provision respecting thirty-one days' grace and the advice that " practically it is better to pay promptly when due," it is said, " Unless such payment shall be made to said Company or its duly authorized agent in accordance with the above notice " the contract will be forfeited, etc. In *Flint* v. *Provident Life & Trust Co.* (215 N. Y. 254) the notice was, " that the premium noted below will be due * * * on 12 Mo. 30, 1911, * * * and that, if not paid," the policy will become forfeited. It was held that the notice was defective because it failed to state that the policy would become forfeited if the payment of the premium was not made " by or before the day it falls due." The court said: " It does tell when the premium is due; it also says that if the premium is not paid the policy and all payments thereon will become forfeited and void; but it does not declare that these consequences will ensue if the premium be not *then* paid or be not paid ' by or before ' that day." This notice is equally defective, unless it is saved by the requirement or notice on the back of the card that there would be forfeiture unless payment was made " in accordance with the above notice." Taking the notice as a whole, it is quite possible to infer that the notification was that the policy would be for-

feited unless payment was made within thirty-one days after the due date; but in any event the law does not permit forfeiture upon notices that are not plain and clear and that do not substantially comply with the statute. The notice does not declare that a forfeiture will ensue if the premium be not paid by or before any stated date, or even that it will be forfeited if the premium be not paid "within 31 days after April 2nd, 1916." It merely states the due date, advises that thirty-one days' "grace" are allowed, announces an interest charge "for the time deferred," and then confuses the whole notice by the reassuring advice that "practically it is better to pay promptly when due." Within the reasoning and authority of the *Flint* case, this notice is fatally defective. Neither is the decision of the Supreme Court of the United States in *Nederland Life Insurance Co.* v. *Meinert* (199 U. S. 171) to the contrary, for the notice in that case not only specified the date when the premium would fall due but contained the statutory notice that unless it was paid " by or before that date " the policy would be forfeited. Similarly in *McCormack* v. *Security Mutual Life Insurance Co.* (220 N. Y. 447) the notice specified the due date and that " Unless said premium shall be paid on or before said date " the policy would be forfeited.

There is also a serious question whether the printed matter on the back of the card can be fairly said to constitute a part of the notice. No reference is made to the back of the card by anything on the front of the card. The matter on the back of the card is not in the form of a notice and it is not signed by the company or any one in its behalf. The only matter that purports to be a notice, signed by the company or its agent, is on the front of the card, and this notice is complete in itself, and on account of its completeness, might naturally lead one to consider that it constituted the whole notice. In such case, the recipient of the notice would not necessarily examine further to see whether there was some matter printed on the back of the card, or even read carefully what was on the back of the card, assuming that he chanced to observe the matter printed there. There is no reason why the company, if it relied upon the matter printed on the back of the card, should not at least have directed attention thereto by some appro-

priate words on the front of the card. The Court of Appeals in the *Flint* case commented upon the reluctance of the insurance companies to comply with the provisions of the statute in giving these notices and stated that their course was " difficult to understand." However, it is unnecessary to determine this question, because the notice was otherwise defective.

The judgment should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred

Judgment affirmed, with costs.