Rachel Brown, Plaintiff, *v.* The Travelers Insurance Company, Defendant.*

City Court of New York, Special Term, New York County, December 27, 1935.

* Affd., App. Term, First Dept. May 1, 1936 (N. Y. L. J. May 2, 1936, p. 2249).

*Sidney Moskowitz,* for the plaintiff.

*Moran, Galli & McGlinn,* for the defendant.

RYAN, J. This is an action to recover $3,000 upon a policy of life insurance. The assured died in June, 1935. The action is brought by his widow, the beneficiary named in the policy. Plaintiff and defendant both move for summary judgment.

The controversy must be determined as a matter of law, for there are no material facts in issue.

The policy was written in 1922 and called for the payment of an annual premium of $138.06 on June nineteenth of each year, for a period of twenty years, or until the prior death of the assured. It contained, *inter alia,* the following provisions: " A grace of thirty-one days during which the contract will remain in full force will be allowed in the payment of all premiums except the first. If death shall occur within the grace period the unpaid premium if any, will be deducted from the amount payable hereunder."

Also: " If any premium shall not be paid on or before the date when due, the liability of the Company shall be only as hereinbefore provided."

Payment of premiums within thirty-one days after the due date was undoubtedly a condition of keeping the policy in force, excepting only in so far as applicable statutes might prevent or preclude the operation of the condition. (*Liesny* v. *Metropolitan Life Ins. Co.,* 166 App. Div. 625.)

At some time prior to June 19, 1931, the assured made a loan from the company on the security of the policy. Certain interest on the loan, which interest became due on June 19, 1931, remained unpaid. The premium which became due June 19, 1931, was likewise never paid. The principal amount of the loan on June 19, 1931, equalled the cash surrender value of the policy, which contained the following provision: " If the total indebtedness shall equal or exceed the cash value at the time of failure to repay any such loan or to pay interest when due, such failure shall render this contract null and void at the expiration of one month after due notice shall have been mailed by the company to the last known address of the person to whom the loan shall have been made, and of the insured, or assignee, if any."

Defendant claims that on September 8, 1931, in attempted compliance with section 92 of the Insurance Law, it mailed a notice to the assured that the policy would become null and void at the expiration of one month from the date thereof. Plaintiff denies

that such a notice was received and claims that, if mailed, it was mailed to the wrong address, and that the assured had theretofore notified the company of his removal from the address to which the notice was mailed. It is quite unnecessary to decide whether the notice was mailed to the right or wrong address, or whether it was mailed at all, since the form employed by defendant was insufficient and failed in material respects to comply with the requirements of section 92 of the Insurance Law. The notice in question read as follows:

"THE TRAVELERS INSURANCE COMPANY
    Policy Loan Division

Hartford, Connecticut     Sept 8, 1931
Contract No. 858369 lapsed for failure to pay premium and loan interest due June 19, 1931.
Conditions at date of lapse:
    Cash Value          $804.63
    Amount of loan    $804.63
                    No equity
" To
    Mr. Isack Brown
        437 West 28th St.
            New York, N. Y.

"Your contract herein stated will (without further notice) become null and void at the expiration of one month from date hereof, by reason of default in payments.
"Upon evidence of insurability satisfactory to this Company, and payment of amounts due with interest, contract may be restored.
                    Superintendent

"Copy of this Notice has been sent to the Cashier.
"Klinger & Probstein, N. Y. C.
        "Branch Office
"M."

Neither the amount which the assured was required to pay as premium on the policy or interest on the loan, nor even the place where payment was to be made, was set forth in the notice. The notice did not state that unless payment would be made by a specified day, the policy would become null and void, but stated in effect that in any event the contract " will * * * become null and void at the expiration of one month from date hereof, by reason of default in payments."

The mailing of this notice, if it was mailed, was without any effect upon the policy. (*Flint* v. *Provident Life & Trust Co.*, 215 N. Y. 254; *Phelan* v. *Northwestern Mutual Life Ins. Co.*, 113 id. 147; *McDonald* v. *Ætna Life Ins. Co.*, 182 App. Div. 482.)

However, payment of premiums was, as has already been observed, a condition of keeping the policy in force, and if no notice whatsoever had been sent by the company, the policy would undoubtedly have lapsed after default in the payment of premiums for one

year. Section 92 of the Insurance Law is operative only to prevent forfeiture without notice within the period of one year from the occurrence of the default, not after the expiration of such period. (*Liesny* v. *Metropolitan Life Ins. Co., supra.*)   (See, also, *Adam* v. *Manhattan Life Ins. Co.*, 204 N. Y. 357.)

The plaintiff, however, contends that the sending of the abortive notice by the company prevented the automatic forfeiture of the policy at a subsequent time, even though the default continued for four years and until the death of the assured in June, 1935, during which intervening period neither interest on the loan nor premiums on the policy were paid.

Plaintiff contends, on the one hand, that the mailing of the notice by the company, though otherwise abortive and wholly ineffective, nevertheless operated to keep the policy in force indefinitely without further payment of premiums by the assured and without performance by the latter of any of the conditions of the policy.   Somewhat inconsistently, plaintiff contends, on the other hand, that the notice was never received at all by the assured, and, therefore, inferentially never sent, at least to a proper address.

To support her position that the service of the defective notice kept the policy in force over the period of four years which elapsed before the death of the assured, notwithstanding the continued default of the latter, plaintiff cites *Thompson* v. *Postal Life Ins. Co.* (226 N. Y. 363), and relies especially upon the following statement therein contained: " A forfeiture asserted without right leaves the policy intact." (*Thompson* v. *Postal Life Ins. Co., supra,* at p. 368.)

Plaintiff, however, misapprehends the force of that decision. In that case the policy had already lapsed and became forfeit when the company agreed to waive the forfeiture and to reinstate the policy if the assured would apply for the restoration of the policy and take a medical examination before a medical examiner appointed by the company, and furnish satisfactory evidence of his insurability.   The assured performed all of the conditions on his part to be performed, taking the examination, which revealed that he was in perfect health, and presenting unimpeachable evidence of his insurability.   The company simply changed its mind and in violation of its agreement refused to reinstate the policy.   Clearly, there was then nothing more for the insured to do about the matter as the company had unequivocally repudiated its agreement, and it would have been a futile act for the insured to tender any premiums.   As the court said: " This policy was forfeited once, but the forfeiture was waived.   The subsequent repudiation of the waiver did not work a forfeiture anew.   Rein-

statement followed automatically upon waiver, as waiver followed automatically upon the announcement of an intent to waive." (*Thompson* v. *Postal Life Ins. Co., supra*, at pp. 368, 369.)

Hence, the action on the policy was held maintainable upon the death of the assured, which occurred more than two years after the repudiation of the policy. The assured was excused by the repudiation from tendering premiums, which would have been a useless gesture on his part. " He was not required to sue in equity to declare the policy in force." (*Thompson* v. *Postal Life Ins. Co., supra*, at p. 369.)

In *Thompson* v. *Postal Life Ins. Co. (supra)* the company's repudiation of the policy was an act wrongful in itself. In the case at bar the sending of an abortive notice, abortive because of non-compliance with more or less technical requirements of the statute, was not in itself a wrongful repudiation, and did not, therefore, have the effect of relieving the insured from any further performance on his part.

The defendant is, therefore, entitled to summary judgment in its favor. Its motion is granted, and the complaint is dismissed.

Plaintiff's motion for summary judgment is denied. Order signed.