### SCHUELL v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. LIFE INSURANCE—PREMIUMS—NOTICE TO INSURED—SUFFICIENCY.

Laws 1897, c. 218, provides that no insurance company shall declare forfeited any policy of life insurance, etc., unless a written or printed notice stating the amount of the premium due, when and where it must be paid, and the person to whom it is payable, shall have been duly addressed and mailed to the person whose life is insured. Defendant company, within the time specified, sent the following notice to the insured: "In accordance with the terms of contract No. —— with this company $—— will be due on the —— day of ——, 189-, and payable to the cashier at this office. Unless the amount so due shall be paid to this company by or before the said day, the policy and all payments thereon will become forfeited and void," etc.; the blanks being filled. *Held*, that this notice was not insufficient, as advisory only, and not definitely fixing any date.

2. SAME—FORFEITURE.

Laws 1897, c. 218, provides that no life insurance corporation shall, within one year after default in the payment of any premium, declare forfeited any policy unless a written or printed notice, stating the amount of such premium, etc., shall have been duly addressed and mailed to the person whose life is insured at least 15 and not more than 45 days prior to the date when the same is payable. *Held*, that this statute does not give the insured one year after receiving the notice before the company can declare a forfeiture, but the provision as to one year's grace applies only where the company has failed to send a notice at all.

Appeal from special term, Kings county.

Action on an insurance policy by Philip Schuell against the Mutual Life Insurance Company of New York. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Raphael J. Moses, for appellant.
Edward Lyman Short, for respondent.

O'BRIEN, J. The action was brought upon a policy of insurance issued on the life of James S. Lentzy, on which only two premiums had been paid. The defense was lapse, based upon the conceded nonpayment of the third premium. This was sought to be excused by the plaintiff on the ground that no notice was sent after the due date of the premium, and that Lentzy died within a supposed year of grace. The facts are not disputed, and but two questions are presented: First, as to the sufficiency of the notice sent requiring the payment of the premium for the failure to pay which the policy was regarded as lapsed; and, secondly, as to the construction of chapter 218 of the Laws of 1897, which amended section 92 of chapter 690 of the Laws of 1892, entitled "No forfeiture of policy without notice." Upon the first question—as to the form of notice—it is shown that the notice sent, besides giving as a heading the name of the company and the location of its offices, read:

"In accordance with the terms of contract No. —— with this company, $—— will be due on the —— day of ——, 189-, and payable to the cashier at this office. Unless the amount so due shall be paid to this company by or before the said day, the policy and all payments thereon will become forfeited

and void, except as to the right to a surrender value or paid-up policy, as provided by statute. The sending of this notice is not a waiver of any agreement contained in the said policy, or of any right of forfeiture, or of any default on the part of any owner of said contract."

It is not contended that the contract number of the policy, and the amount of the premium, and the date when it was payable were not inserted in the blank spaces in the notice sent; but it is insisted that this notice is not sufficient, because it is merely advisory as to what the policy provision is, and does not definitely fix any date; and in support of the view that the notice as sent was insufficient we are referred to the case of Phelan v. Insurance Co., 113 N. Y. 147, 20 N. E. 827, wherein a notice, entirely different, however, from the one in the case at bar, was sent, and held to be insufficient. We think that the objection taken to the form of the notice is hypercritical, as the notice does give the policy holder definite information as to the amount he was to pay, and the date and place where it was payable; and, in addition, it informed him, as required by statute, that, unless he paid the premium on or before the due date, the policy would become forfeited. This notice is entirely unlike the one condemned in Phelan v. Insurance Co., supra, which, after stating the amount of the premium, and the time when it would fall due and become payable, added, "Members neglecting so to pay are carrying their own risk," and, as a postscript, "Prompt payment is necessary to keep your policy in force." And it was there held that the notice was not a compliance with the requirements of the statute, and was insufficient to work a forfeiture. In the case of McDougall v. Association, 135 N. Y. 551, 32 N. E. 251, in construing the provisions of the act regulating the forfeiture of life insurance policies, it was held, as summarized in the syllabus, that:

"A notice which contains statements reminding the assured of the time and place when and where to make any payments required by the terms of the contract, the amount thereof, and the effect of nonpayment, is sufficient, although it does not follow literally the words of the statute."

Judge Gray, writing the opinion in that case, distinguished the case of Phelan v. Insurance Co., supra, and, referring to the notice there sent, said:

"What was condemned was the use of language not intelligible to all. To say that persons are 'carrying their own risk' is not plainly embodying the notice which the statute requires, and might be incomprehensible to those unlearned in insurance phraseology. * * * The statute was not meant to operate harshly upon the insurer, but to afford a protection to the assured, by the reasonable requirement of a notice, couched in plain terms, from the insurer, before the interest of the assured could be forfeited. To hold that, where every essential fact required to be known is intelligibly stated in the notice, it may be disregarded, if not literally following the words of the statutory provision, would be a most harsh and unwarranted construction."

Applying the rule thus formulated for our guidance to the notice here sent, it appears that there could be no misunderstanding upon the part of any intelligent person receiving it as to the amount payable, the time and place when, under the terms of the contract, it should be paid, nor as to the fact that, if not paid at the time fixed, the policy would become forfeited. We think, therefore, that the notice was sufficient.

As to the construction of the statute of 1897, our views may be briefly stated without rendering it necessary to discuss the prior statutes bearing upon the same subject passed in 1876 (chapter 341), in 1877 (chapter 321), and in 1892 (chapter 690, § 92), a reading of them having been profitable, however, as giving a history of the legislation upon the subject of forfeited policies down to the act of 1897, under which law the rights of the parties here are to be determined. It is conceded that the notice, which we think was sufficient, was mailed to the policy holder on February 9, 1898, for the premium due March 12, 1898, so that the requirement of the statute which says that such notice is to be sent "at least 15 days and not more than 45 days prior to the day when the same is payable" was complied with. It is also conceded that the premium was not paid as required by such notice; and the policy, therefore, became forfeited, unless by force of the statute such notice could not work a forfeiture. This latter is the appellant's view, the contention being—First, that under the act of 1897 the policy holder is given one year's grace after default in the payment of the premium, so that the premium here due on March 12, 1898, could be paid any time up to March 12, 1899; and, secondly, that the notice must be sent, not before the due date of the payment, but after the year of grace has commenced to run, and prior to the expiration of the year of grace. In other words, it is contended that it is immaterial what, if any, notice is sent before the due date of the premium, because, in order to work a forfeiture, the company must wait until that date has passed, and then during the year of grace, after default in the payment, must give a notice stating the time when the premium must be paid. Under the construction of the statute thus contended for, the policy holder would have an entire year after the premium became due during which he could make payment before the policy could be forfeited, unless a notice to pay was sent him; or, differently stated, it would be competent for him to pay the premium which fell due on the 12th day of March, 1898, at any time up to a year from that date, namely, up to March 12, 1899. We do not think that the statute is susceptible of any such construction. Its terms are reasonably clear, and the purpose sought was to prevent a forfeiture without notice; and in that connection it provided that, unless the notice was given within the specified time before the due date of the premium, and upon failure to give any notice thereafter, the policy would not become forfeited for the period of one year, nor during that year should it become forfeited unless the statutory notice fixing the time when the premium was required to be paid was given. Where, however, the legal notice before the due date of the premium is given, there is no year of grace thereafter allowed by the statute during which the policy may be reinstated by the payment of the premium. The purpose of the statute, as clearly expressed, was to prevent a policy becoming forfeited without notice by the mere fact that the due date of the premium had arrived. The company therefore, if it intends to forfeit the policy by failure to pay the premium when due, must give notice within the times specified, and before the due date of the premium. If it allows that date to arrive without giving such notice, then the policy holder has a year thereafter within which to

pay, unless the company shortens that time by giving the statutory notice requiring payment at a fixed date within the year. We have examined the cases relied upon by the appellant, but we think that they do not aid us in construing the statute, which, in terms, is plain and unambiguous, and is not susceptible of the construction which he seeks to place upon it. We agree, therefore, with the conclusion reached by the learned judge at special term, who, in determining the questions presented to him for decision, held:

"Firstly, that the premium notice mailed to James Thomas Lentzy by the defendant, on February 9, 1898, was a compliance with chapter 218 of the Laws of 1897; secondly, that the failure of the assured to pay the premium due and payable on March 12, 1898, within thirty days after the mailing of such notice worked a forfeiture of the policy; thirdly, that the statutory premium notice provided for in the Laws of 1897 need not be given after the due date of the premium named in the policy; fourthly, that the amendment of chapter 690 of the Laws of 1892 by chapter 218 of the Laws of 1897 did not give the assured one year after default in the payment of the premium within which to make such payment."

Judgment accordingly should be affirmed, with costs. All concur.