ROBERT B. ADAM, as President of the ADAM, MELDRUM & ANDERSON COMPANY, Respondent, *v.* THE MANHATTAN LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

Insurance (life) — action on policy — defense of forfeiture and Statute of Limitations.

This action was brought on the 27th day of September, 1907, to recover the amount of a policy of insurance issued by the defendant upon the life of plaintiff's assignor, who died on the 11th day of April, 1907. The defense interposed was to the effect that the policy had been forfeited owing to non-payment of the premium, which became due on the 1st day of December, 1904. An issue was raised as to whether the defendant had served the notice required by chapter 321 of the Laws of 1877 as a condition precedent to the forfeiture of a policy of life insurance, which issue was submitted to the jury. A verdict resulted in favor of plaintiff. Defendant contends that the right of the plaintiff to maintain the action is barred by reason of the amendment to the law of 1877 by chapter 218 of the Laws of 1897, as amended by chapter 326 of the Laws of 1906, providing that "no action shall be maintained to recover under a forfeited policy unless the same is instituted within two years from the day upon which the default was made in paying the premium." *Held*, untenable; that under the verdict of the jury there was no forfeiture of the policy by reason of the non-payment of the premium of December 1, 1904. The action, therefore, was not one maintained under a forfeited policy.

*Adam* v. *Manhattan Life Ins. Co.*, 140 App. Div. 922, affirmed.

(Argued January 24, 1912; decided February 2, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 29, 1910, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward S. Rapallo* for appellant. The action was maintained in contravention of the Statute of Limita-

tions, and the trial court erred in refusing to dismiss the complaint upon the merits, and in instructing the jury that they might, notwithstanding the statute, render a verdict for plaintiff. (L. 1897, ch. 218; L. 1896, ch. 326, § 29; L. 1877, ch. 321; L. 1892, ch. 690; *M. L. Ins. Co.* v. *Hill,* 193 U. S. 559; *Gilbert* v. *Ackerman,* 159 N. Y. 118.)

*W. C. Carroll* for respondent. The policy upon which this action is brought is not a forfeited policy. (*Baxter* v. *B. L. Ins. Co.,* 119 N. Y. 450; *Strauss* v. *U. L. Ins. Co.,* 170 N. Y. 349; *Fischer* v. *L. M. Ins. Co.,* 167 N. Y. 178; *Carter* v. *B. L. Ins. Co.,* 110 N. Y. 15; *Hathaway* v. *M. L. Ins. Co.,* 99 Fed. Rep. 534; *G. L. Ins. Co.* v. *Pietz,* 47 S. W. Rep. 687.) The statute relied upon by appellant as a bar to the plaintiff's maintenance of this cause of action has no application here. (*Howell* v. *J. H. L. Ins. Co.,* 107 App. Div. 200; 186 N. Y. 556.)

HAIGHT, J. This action was brought to recover the amount of a policy of insurance issued by the defendant on December 1st, 1885, upon the life of William H. Hepworth, which policy had been assigned to the plaintiff and notice of such assignment given by filing a copy thereof with the defendant. Hepworth died on the 11th day of April, 1907, and this action was brought on the 27th day of September thereafter. The defense interposed was to the effect that the policy was forfeited by the non-payment of the premium that became due on the 1st day of December, 1904, and that more than two years had elapsed thereafter, and that by reason thereof the plaintiff was barred from maintaining the action. An issue was raised as to whether the defendant had served the notice required by the statute of 1876, as amended by chapter 321 of the Laws of 1877. This issue was tried and submitted to the jury, who found a verdict in favor of the plaintiff, upon which a judgment has

been entered and unanimously affirmed by the Appellate Division.

Under the provisions of that statute " No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last known post office address, postage paid by the company, or by an agent of such company or person appointed by it to collect such premium. Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day

when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

The policy having been issued while the above statute was in force, it is deemed to have been executed subject to the provisions thereof, and the statute thereby is deemed to be a part of the contract with the same force and effect as if it had been written therein. (*Strauss* v. *Union Central L. Ins. Co.*, 170 N. Y. 349; *Baxter* v. *Brooklyn L. Ins. Co.*, 119 N. Y. 450; *Fischer* v. *Metr. L. Ins. Co.*, 167 N. Y. 178, 183; *De Frece* v. *National L. Ins. Co.*, 136 N. Y. 144, 151.) It is, therefore, apparent that, under the verdict of the jury, there was no forfeiture of the policy by reason of the non-payment of the premium of December 1st, 1904, and that, consequently, it was in full force and effect at the time of the death of Hepworth.

It is now contended that, by reason of the amendment of the Laws of 1877 by chapter 218 of the Laws of 1897, the right of the plaintiff to maintain the action is barred by the two years' Statute of Limitations. The provisions of that statute, so far as now material, are as follows: "Section 92. No life insurance corporation doing business in this state shall within one year after the default in payment of any premium, installment or interest declare forfeited or lapsed any policy hereafter issued or renewed * * * unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy * * *. No action shall be maintained to recover under a forfeited policy, unless the same is instituted within one year from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued." This act was again amended in 1906 (Ch. 326) in which two years

is substituted in the place of one year. In view of the fact that Hepworth did not die until April, 1907, and no cause of action accrued upon the policy until that time, it is not apparent how the Statute of Limitations could become operative before the happening of that event. It will be observed that no action shall be maintained to recover under a forfeited policy. Under the verdict of the jury and the statute to which we have alluded, the plaintiff's policy was not forfeited, so that this action is not an action maintained under a forfeited policy. The two years, by its terms, commenced to run from the day upon which the default was made in paying the premium. It is urged on behalf of the appellant that under this provision the time commences to run on the 1st day of December, 1904, when, by the terms of the policy, the premium became due, but under the statute of 1877 payment was not required until after notice was served and consequently there could be no forfeiture until such service.

Under the amended provision of this statute it was evidently the intention of the legislature to modify the former statute, so as to require the service of notice where default or forfeiture was sought within one year, and it, consequently, follows that, after the lapse of one year a policy becomes forfeited if the premium is unpaid, even though no notice has been served; but by the express provisions of the statute the forfeiture within one year only applies to " any policies hereafter issued or renewed," that is, policies issued or renewed after the enactment of the amendment of 1897. It, therefore, does not apply to policies theretofore issued when the statute of 1877 was in full force and effect, which were deemed to be issued under the provisions of that statute, it becoming a part of the contract itself. It, consequently, is apparent that the provisions with reference to the commencement of an action upon a forfeited policy within two years only has reference to the policies hereafter issued or renewed under the provisions of the amended statute.

The contention is now made on behalf of the appellant that, while the evident purpose of the statute passed in 1877 was to prevent the forfeiture of policies by mere neglect or lack of recollection on the part of the insured, by requiring notice, it subsequently developed that the statute became a weapon against the companies which might be used with unnecessary severity in cases in which the companies, having supposed they had sent the required notice, had canceled a policy and thereafter regarded it forfeited, were met with the claims on the part of policy owners that the notice was not in fact served; that while the statute of 1897 would correct the defect produced by the previous statute as to all policies issued after 1897, it might not affect those policies issued between 1876 and 1897, inasmuch as the statutes in force during that period had become a part of the contracts of insurance, and that it was the purpose of the Statute of Limitations to correct the injustice of those statutes.. We are not favorably impressed with this contention. It is, as we understand it, a contention that a valid contract, which the legislature has, under the Constitution, no power to annul or vary, yet, under the guise of a statute of limitations, it may be rendered unenforceable by action during its life and before its maturity. We have no intention of questioning the power of the legislature to limit, within reasonable bounds, the time within which actions upon contracts of insurance which have matured shall be brought. But our attention has been called to no authority holding that the legislature may annul the provisions of a contract before its maturity by means of a statute of limitations, and we are of the opinion that such an act ought not to be sustained.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.