LIESNY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Trial Term, Oneida County.   August 13, 1914.)

1. APPEAL AND ERROR (§ 438*)—HEARING—JURISDICTION—NEW TRIAL.
   That an appeal has been taken from a judgment of the trial term of the Supreme Court to the Appellate Division does not deprive the trial term of jurisdiction to pass on a timely motion to set aside the verdict and grant a new trial on the minutes.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2196; Dec. Dig. § 438.*]

2. INSURANCE (§ 353*)—LIFE POLICY—NONPAYMENT OF PREMIUMS—FORFEITURE—TIME.
   Insurance Law (Consol. Laws, c. 28) § 92, provides that no life insurance company within one year after default in any premium shall declare the policy forfeited for nonpayment, unless a notice is mailed to the insured at least 15 and not more than 45 days prior to the day when the premium is payable, and if the payment demanded is paid within the time limited, it shall be a full compliance with the policy, but no such policy shall be forfeited until the expiration of 30 days after the mailing of such notice, and no action shall be maintained to recover under a forfeited policy unless instituted within two years from the day of default in payment of any premium. *Held*, that the extension of the period within which action could be brought from one year to two was to permit recovery, where no notice was given if the action was brought within two years from the day on which default was made, and hence, where the notice was not given, the policy would not lapse for nonpayment of premiums until the expiration of two years after the premium fell due.
   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 905–907, 1032, 1033; Dec. Dig. § 353.*]

Action by Sophia Liesny against the Metropolitan Life Insurance Company. On defendant's motion for new trial on the minutes. Denied.

See, also, 147 App. Div. 253, 131 N. Y. Supp. 1087.

William F. Dowling, of Utica, for plaintiff.
Warnick J. Kernan, of Utica, for defendant.

DE ANGELIS, J.  [1] While the motion was pending, no stay of entry of judgment upon the verdict having been granted, the plaintiff entered judgment upon the verdict and served notice thereof.  Pending the argument upon the motion, on the last day to appeal from the judgment, in order to protect its rights, the defendant appealed from the judgment to the Appellate Division.  Upon the hearing of the motion the plaintiff raises the preliminary objection that the pendency of the appeal in the Appellate Division deprived this court of jurisdiction to determine the motion.  I do not think the appeal has that effect.  The cause is still in the Supreme Court; one branch of it being in the Appellate Division, and the motion for a new trial still being in the trial term.  The pendency of the appeal from the judgment is in no manner inconsistent with the exercise of the power of the trial term to set aside the verdict upon a timely motion made upon the minutes of the trial justice.  The action is upon a life insurance policy claimed by the defendant to have lapsed and been forfeited.  The

defendant complains of an error in the charge by the court in a misconstruction of section 92 of the Insurance Law. On the 25th day of March, 1908, one Antonio Liesny, the husband of the plaintiff, made application to the Metropolitan Life Insurance Company, the defendant, for a policy of insurance for the sum of $500 upon his life for the benefit of the plaintiff, and on the 31st day of March, 1908, such policy was issued, the same being in the form provided by the statute. This policy provided for the payment of semiannual premiums of .$7.70 each. The initial premium was paid on or about March 31, 1908, at which time the policy was duly delivered to the plaintiff's husband. The insured died February 14, 1910, and proofs of death were furnished to the defendant, which were rejected upon the ground that the policy had lapsed and been forfeited. This action was brought in the month of May, 1910.

The defendant contended that nothing was paid on the policy after the initial premium, and that the statutory notice was given before the premium became due, which fell due September 30, 1908, and that therefore the policy had lapsed and been forfeited. Plaintiff, on the other hand, contended that all the premiums had been paid, and that no notice had been given for the payment of the premium which fell due September 30, 1908. There was sufficient evidence adduced upon the trial to justify the submission of both questions to the jury. There was no claim on the part of the defendant that any notice was sent to the insured subsequently to the notice of the premium which fell due September 30, 1908. The court charged the jury that if they should find that such notice was not given, and should also find that only the initial premium was paid, the plaintiff would be entitled to recover, and refused to charge that, assuming that the statutory notice was not sent, if the insured failed to pay the premium due September 30, 1908, and the subsequent premiums, the policy was lapsed and the plaintiff could not recover, to which ruling the counsel for the defendant excepted.

[2] The question thus presented is whether or not, in that view of the case, the policy would lapse in one or two years after the premium fell due. If the policy would lapse in one year, it would have lapsed, since the action was not brought within a year after such premium fell due. If the policy would not lapse till the expiration of the period of two years after the premium fell due, the policy would not have lapsed because the action was brought within the period of two years after the premium fell due. The solution of this question depends upon the construction to be placed upon section 92 of the General Insurance Law.

The inception, progress, and present condition of the pertinent legislation in this state are stated in the Laws of New York as follows: 1876, chapter 341, 1877, chapter 321, 1892, chapter 690, § 92 (being a section of the General Insurance Law, which took effect May 18, 1892), 1897, chapter 218, § 2 (amending section 92 of the General Insurance Law), 1906, chapter 326, § 29 (amending section 92 of the General Insurance Law), 1909, chapter 33, § 92 (being part of the present Insurance Law).

Chapter 341 of the Laws of 1876 is entitled "An act regulating the forfeiture of life insurance policies." This act, in substance, provided that a life insurance company should have no power to declare forfeited or lapsed any policy thereafter issued or renewed, by reason of the nonpayment of any annual premium or interest, or any portion thereof, unless a notice in writing, stating the amount of the annual premium or interest due, and when due, on such policy, and the place where the same might be paid, should have been mailed by the company to the insured, postage paid, at his or her last-known post office address not less than 30 nor more than 60 days next before such payment should become due, according to the terms of the policy. This act also provided that the affidavit of any officer, clerk, or agent of the company showing the service of the notice should be presumptive evidence that such notice had been duly given. It will be noted that under this act no policy could be declared lapsed or forfeited unless such notice was given.

Chapter 321 of the Laws of 1877 amended the last-mentioned act by providing for giving of notice in like manner, *but after the premium became due.* Such notice was to provide that, unless the premium should be paid "within thirty days after the mailing of such notice," the policy and all payments thereon would become forfeited and void. The amendment further provided with reference to the effect of payment pursuant to the notice, and failure to give the notice, in the following language:

"In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice."

Then there follows this provision:

"Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

Then follows a provision, differing somewhat in form from that in the former statute, making the affidavit of service of the notice presumptive evidence of the giving of the notice. It will be noted that this amendment provided for one of two notices; in the one case, a notice after the premium became due, that the policy would be forfeited within 30 days after the giving of the notice unless the premium was paid, and in the other case, a notice, given not less than 30 nor more than 60 days before the premium was to become due, that the policy would be forfeited unless paid when it became due. Each notice was to advise the insured that there would in fact be a forfeiture or lapsing of his policy in case of a failure to pay. The language, "but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice," as part of the provision for the notice after the premium became due, would seem to have been surplusage, but was probably inserted to make cer-

tain the effect of the failure to give the notice of forfeiture. I do not think that the language quoted was designed to modify in any way the effect of the notice that might have been given under this amendment prior to the time when the premium became due, because the insured would have had a notice of at least 30 days that if he failed to pay his premium when due, his policy would be forfeited.

The change in the law effected in the adoption of the General Insurance Law (section 92 of chapter 690 of the Laws of 1892) eliminated the provision for the giving of a notice of forfeiture after a premium became due, and retained the provision for a notice of forfeiture to have been given before the premium became due, but decreased the maximum and minimum of the period of notice to "at least fifteen and not more than forty-five days prior to the day" when the premium became due. The law as changed, contained this provision:

"If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice."

The effect of the law as changed was that if the notice was mailed at least 30 days before the premium was to become due and payable, a policy would have become forfeited, and lapsed in the event of a failure to make payment of the premium on the day it became due. But in the event of the mailing of the notice at any time less than 30 days and not less than 15 days before a premium became due, the notice must have given the insured a period of 30 days from the mailing of the notice.

(It may be well to note, parenthetically, that, by the standard form of policy established by chapter 326 of the Laws of 1906, creating section 101 of the General Insurance Law [now continued in a different manner in section 101 of the Insurance Law], the insured is given, in any event, 30 days' grace after his premium becomes due).

To continue. It will be seen that the law still remained that there could be no forfeiture without the mailing of a notice to the insured, however long the default in the payment of the premium might continue, unless the general statute of limitations applied. It is asserted that the experience of the insurance companies showed that claims were made upon policies long since believed by them to have been lapsed, claimants denying the receipt of notices. It is asserted that this condition produced confusion, and was unjust both to the insurance companies and their policy holders. To meet this trouble came the next change in the law, effected by chapter 218 of the Laws of 1897, which amended section 92 of the General Insurance Law. *This amendment seems to me clearly to have modified the pre-existing law upon the subject by permitting a policy to lapse and become forfeited, without the giving of any notice to the insured, if a premium remained unpaid for the period of a year from the time it became due and payable and no action had been brought upon the policy.* The section as amended reads:

"No Forfeiture of Policy without Notice.—No life insurance corporation doing business in this state shall within one year after the default in payment

of any premium, installment or interest declare forfeited, or lapsed, any policy hereafter issued or renewed and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited, or lapsed, by reason of nonpayment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof, due on such policy, the place where it shall be paid, and the person to whom the same is payable, shall have been duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post office address in this state, postage paid by the corporation, or by any officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, interest, installment or portion thereof, then due, shall be paid to the corporation, or to the duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy as in this chapter provided. If the payment demanded by such notice shall be made within its time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice. The affidavit of any officer, clerk, or agent of the corporation, or of any one authorized to mail such notice that the notice required by this section, has been duly addressed and mailed by the corporation issuing such policy shall be presumptive evidence that such notice has been duly given. No action shall be maintained to recover under a forfeited policy, unless the same is instituted within one year from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued."

There is one aspect of this law as changed which might create confusion. It is the retention of the provision contained in the language, "and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice." It is argued that this language is general in its application, and was intended to prevent the possibility of the lapsing or forfeiture of a policy unless the notice was given. I do not think it has that effect. It must be read in connection with the language immediately associated with it, providing for the notice referred to. It has its proper application in that connection. Otherwise the introduction of the provision prohibiting the forfeiture of a policy within one year after default in the payment of any premium unless the notice referred to is given and the provision barring an action not brought within the year, would be nugatory.

The limitation in the right to maintain an action "within one year from the date upon which default was made in paying the premium," might seem at first blush to have been unnecessary to give the change in the law its full effect, but a careful consideration of the premises seems to show that the essence of the change lies in this provision which makes definite the earlier language, to wit; "shall within one year after the default in payment of any premium　*　*　*　within one year from the failure to pay such premium." It will be carefully noted in this connection that the Legislature used the words, "no ac-

tion shall be maintained to recover under a *forfeited policy*." Judging from the context, the expression "forfeited policy" means a policy the premium for which was not paid when it fell due. Note this language in the earlier part of the section, "nor shall any such policy be· forfeited, or lapsed, by reason of nonpayment when due of any premium." I think that the design of the Legislature was to correct the evil referred to. It certainly was not the intention that an action might be maintained upon a policy within one year after such default where the notice was given pursuant to the statute, and so it has been held. Schuell v. Mutual Life Ins. Co., 53 App. Div. 172, 65 N. Y. Supp. 889. Hence this legislation, including the fixing of a time limit of a year after the failure to pay a premium in which to bring an action, is reasonably construed to mean that if the notice is given and the expiration of the time given by the notice occurs without payment of the premium, the policy lapses and becomes forfeited immediately upon the expiration of such time, but if the notice is not given, in an action brought within the year, upon failure of proof that the notice was given, it could be adjudged that the policy should be reinstated (Strauss v. Union Life Ins. Co. 170 N. Y. 439, 63 N. E. 347), or, in the event of the death of the assured, there could be a recovery on the policy.

The change in the law as made by the amendment of section 92 of the General Insurance Law contained in chapter 326 of the Laws of 1906 extended the period for bringing an action to two years from the day upon which the default was made in paying the premium. This section as then amended with slight verbal changes was incorporated into the Consolidated Laws as section 92 of chapter 33 of the Laws of 1909, known as the "Insurance Law."

What is the effect of extending the period within which to bring the action from one year to two years? There remains in section 92 the language:

"No life insurance corporation doing business in this state shall *within one year after the default in payment of any premium*, installment or interest declare forfeited or lapsed, any policy hereafter issued or renewed, * * * nor shall any such policy be forfeited, or lapsed, by reason of nonpayment when due of any premium, interest or installment or any portion thereof required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest or installment unless a printed notice," etc.

If the period just indicated had been changed to "within two years" instead of "within one year," the meaning would have been clear.

As indicated above, the essence of the law as it stood before the extension of the time to two years lay in the prohibition against maintaining an action unless the same was "instituted within one year from the date upon which default was made in paying the premium." It also seems to me that the essence of the law now lies in the period of limitation of two years. The retention of the language, "no life insurance corporation * * * shall within one year after the default in payment of any premium * * * declare forfeited or lapsed, any policy," etc., simply fixes a period in which a policy cannot be declared forfeited or lapsed, but does not say that the period may not be extended by the later provision in the section for that purpose.

I think the effect of extending the period within which to bring the

action from one year to two was to permit a recovery where it was shown that no notice was given if the action upon the policy was brought within two years from the date upon which default was made in paying the premium. In that view of the case, as two years had not expired after the premium of September 30, 1908, fell due before this action was brought, the action was timely, and the ruling on the trial was correct.

The dictum in Adam v. Manhattan Life Ins. Co., 204 N. Y. 357, 361, 97 N. E. 740, suggests a different view, but I do not think it will control the Court of Appeals when the question involved is there for determination.

It follows from the foregoing that the motion must be denied.

Ordered accordingly.