any fence or fences which may be erected by plaintiffs on said lines, or the graves and monuments in the Lay Cemetery, so called, lying within the lines hereinbefore indicated, and plaintiffs are likewise restrained from interfering with defendant Carter's use and occupancy of portions of lot No. 40 lying easterly of the east line of the Lay Cemetery, to be run out on the lines as hereinbefore indicated.

Under the circumstances as disclosed in this case, no costs are allowed to either party as against the other party.

---

## LIESNEY v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Fourth Department. March 3, 1915.)

1. INSURANCE (§ 353*) — PAYMENT OF PREMIUM — DEFAULT — FORFEITURE OF POLICY—STATUTE.

Under Insurance Law (Consol. Laws, c. 28) § 92, providing that no life insurance policy shall be forfeited for default in payment of the premium within one year from such default, unless notice is given, and that no action shall be maintained to recover under a forfeited policy unless it is instituted within two years from the day upon which the default was made in paying the premium, there can be no recovery on a policy where the insured died more than one year after defaulting in the payment of the premium, of which no notice was given, though the action was begun thereon less than two years after the default, since, whatever the meaning of the clause limiting the action may be, the time limit against a forfeiture of the policy for default in payment of premiums is one, and not two, years.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 905–907, 1032, 1033; Dec. Dig. § 353.*]

2. NEW TRIAL (§¯116*)—MOTION—CONSIDERATION—APPEAL FROM JUDGMENT.

The trial court is not without power to pass on a motion for new trial, which was not submitted for decision until after judgment had been entered and appeal therefrom taken.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 238, 238½, 240, 241; Dec. Dig. § 116.*]

Appeal from Trial Term, Oneida County.

Action by Sophia Liesney against the Metropolitan Life Insurance Company. Judgment for the plaintiff, from which the defendant appeals, and also from the order denying defendant's motion to vacate and set aside verdict and for a new trial (86 Misc. Rep. 650, 148 N. Y. Supp. 1057); and plaintiff appeals from so much of the order as overruled her objections to the power of the court to pass upon a motion for a new trial. Judgment and order, so far as appealed from by the defendant, reversed, and new trial granted.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

Warnick J. Kernan, of Utica, for appellant.
W. F. Dowling, of Utica, for respondent.

KRUSE, P. J. The plaintiff seeks to recover upon a life insurance policy of $500, issued by the defendant March 31, 1908, upon the life of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

her husband, who died February 10, 1910, in which she is named as the sole beneficiary.

The case comes here for the second time. Upon the first trial the jury rendered a verdict of no cause of action, but upon appeal this court granted a new trial upon the exception of plaintiff's counsel to the refusal to charge that the nonpayment of a premium and the for-feiture of a policy are affirmative defenses, which must be established by the defendant by a preponderance of evidence. 147 App. Div. 253, 131 N. Y. Supp. 1087. Upon the second trial a verdict was rendered for the plaintiff, and the material questions of fact submitted to the jury were: (1) Whether the premiums except the first one were left unpaid, as claimed by the defendant; and (2) whether notice of the due date for the payment of the premium was mailed by the defendant as provided by section 92 of the Insurance Law. Laws 1906, c. 326, § 29, amending Laws 1897, c. 218, § 2, amending section 92 of the General Insurance Law (Laws of 1892, c. 690, now Laws 1909, c. 33, § 92). The jury found a verdict for the plaintiff, but under the charge the verdict may rest upon an affirmative finding upon either of the two propositions stated. The learned trial judge charged the jury, in effect, that even though there had been default in the payment of premiums the verdict must be for the plaintiff if the notice had not been given, and the defendant's exception thereto raises the precise question presented by this appeal. That question was not raised on the first trial or upon the appeal to this court.

[1] The policy by its express terms makes the payment of the premiums when due a condition of keeping the policy in force, but section 92 of the Insurance Law, supra (effective when the policy was issued), provides that no like insurance corporation doing business in this state shall within one year after default in payment of any premium, interest, or installment declare forfeited or lapsed a policy such as this, nor shall any such policy be forfeited or lapsed by reason of nonpayment when due of any premium, interest, or installment, or any portion thereof, required by the terms of the policy to be paid, within one year from the failure to pay such premium, interest, or installment, unless the notice therein provided for shall have been mailed as therein specified to the person whose life is insured, or the assignee of the policy, at least 15 and not more than 45 days prior to the day when the same is payable. Among other things the notice is required to state that, unless such premium then due shall be paid by or before the day when it falls due, the policy will become forfeited or avoided, except as to the right to surrender value or paid-up policy, as provided in the chapter of which section 92 is a part. And the section further provides that no such policy shall in any case be forfeited, or declared forfeited or lapsed, until the expiration of 30 days after the mailing of the notice. The final paragraph provides:

"No action shall be maintained to recover under a forfeited policy unless the same is instituted within two years from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued."

Until 1897 this section provided absolutely that no such policy should be forfeited or lapsed, or declared forfeited or lapsed, with-

out mailing the notice; but in that year, by chapter 218, Laws 1897, the section was amended by making the time limit of one year after default during which the policy should not be forfeited or lapsed, and also incorporating the provision for limiting the time for commencing an action to recover under a forfeited policy to one year from the time of default, now two years (Laws 1906, c. 326).

The trial court held that the essence of the statute as it stood before the extension of the time to two years lay in the prohibition against maintaining an action unless the same was instituted within one year from the day upon which default was made in paying the premium, and that the effect of extending the period within which to bring the action from one year to two years was to permit a recovery where it was shown that no notice was given, if the action upon the policy was brought within two years from the date upon which default was made in the paying of the premium; and hence, as two years had not expired after the premium of September 30, 1908, fell due, before the action was brought, the action was timely.

Just what is meant by "forfeited policy" is not clear. As has been seen, by the amendment of 1897 the one-year period of grace before a policy could be forfeited or lapsed after the premium became due, without mailing notice, was exactly the same as the time within which the action must be brought upon a forfeited policy; that is, one year after the premium became due. It is not apparent how an action could be brought upon a forfeited policy within one year from the time the premium became due, if it was not forfeited until the expiration of that period of time. It is possible that the expression means a defaulted policy; that is, a policy which has accrued by the death of the insured after the premium became due and before the expiration of the nonforfeiture time limit, as is suggested by Mr. Justice De Angelis in his opinion delivered upon the motion for a new trial. Counsel for the appellant suggests that it applies to a recovery under a policy which has become forfeited or lapsed, but which has been sufficiently long in force to have a surrender value or entitle the holder of the policy to paid-up insurance under section 88 of the Insurance Law.

But that question need not now be decided. Whatever view may be taken of this expression, the action was timely brought. I am, however, of the opinion that the time limit contained in this section is more than a mere statute limitation for bringing an action. It also establishes a nonforfeiture time limit, and I think it reasonably clear that the nonforfeiture time limit without mailing notice is one year, and not two years. This section was under consideration in Schuell v. Mutual Life Insurance Co., 53 App. Div. 172, 65 N. Y. Supp. 889, and in Adam v. Manhattan Life Insurance Co., 204 N. Y. 357, 97 N. E. 740. While neither of these cases was precisely in point, the reasoning of Judge Haight in the latter case, I think, bears out the conclusion which I have reached. I am of the opinion that this policy became forfeited and lapsed one year after default in the payment of the premium, without mailing the notice specified in section 92 of the Insurance Law. If that conclusion is correct, it follows that the judgment and order must be reversed.

[2] As regards the plaintiff's appeal from that part of the order which overrules her objection to the trial judge entertaining the motion for a new trial, upon which she°succeeded by the denial of the motion, it is sufficient to say that we think the point is not well taken.

The judgment and order, so far as appealed from by the defendant, should be reversed, and a new trial granted, with costs to the appellant to abide the event. · All concur.

