Alice A. Davis, Plaintiff, *v.* Northwestern Mutual Life Insurance Company, Defendant.

(Supreme Court, Erie Trial Term, January, 1917.)

Insurance (life) — reinstatement of policy of — assignment of policy — when forfeiture of policy may not be declared for nonpayment of premiums — payment — Insurance Law.

Under section 92 of the Insurance Law, a forfeiture of a policy of life insurance may not be declared for non-payment of premiums prior to the expiration of one year from the date when the premium was due, nor unless within the prescribed time limit, before the maturity of the premium, the insurer mails to the insured or the assignee of the policy, if notice of the assignment has been given to the insurer, a notice stating that unless such premium shall be paid when due the policy will become forfeited and void. *Held,* that where due and timely notice of the assignment of the policy was given to the insurer, the mailing of the notice of an intended forfeiture to the insured only was insufficient to affect the assignee's interest in the policy and the premuim having been paid within the year the policy was not forfeited.

The policy not having been forfeited nor objection made to the payment of the delayed premium by check, there could be no reinstatement of the policy, though the check months after its receipt was returned with a statement that the premium could not be paid unless the payment was accompanied by a certificate of the good health of the insured.

Motion to set aside a verdict for the plaintiff and for a new trial.

Thomas E. Boyd, for motion.

Goldring & Sherman, opposed.

Brown, J. March 1, 1909, defendant issued its policy of insurance upon the life of Marquis F. Davis, whereby it agreed to pay the executors, administrators

or assigns of the insured, upon the death of the insured within ten years, the sum of $1,000 in consideration of the then payment to it of $12.51 and the payment of a like sum on the first day of July in every year during said term. On March 23, 1909, the insured duly assigned such policy of insurance to the plaintiff, who then resided in Buffalo, N. Y., of which facts the defendant had full, due and timely notice. The pecuniary interest of the assignee in the policy was the sum of $1,000. The annual premiums due July 1, 1910, and July 1, 1911, were duly paid by the insured. On June 1, 1912, the secretary of the defendant mailed at Milwaukee, Wis., the place of the home office of the defendant, to the insured at Buffalo, N. Y., the notice required by section 92 of the Insurance Law, to the effect that a premium on said policy of $12.51 would become due July 1, 1912, and should be paid to the general agent of the defendant at Buffalo, N. Y., and unless the same be paid when due the policy and all payments thereon would become forfeited and void. No such notice of a possible forfeiture of the policy for the nonpayment of the premium was then or at any other time given to the plaintiff, the assignee of the insured's interest in the policy. The premium due July 1, 1912, was not paid. January 8, 1913, the insured mailed a check to the defendant's general agent in payment of the premium of July 1, 1912, which was returned March 14, 1913, with the information that when the insured had the proper medical examination the matter would be taken up. May 7, 1913, the insured made application to the defendant for a restoration of the policy, stating in his application, "Said policy having lapsed, I desire to have the same reinstated, and herewith pay the past due premiums and interest." Concurrent with such application and as a part thereof

there was presented to defendant a report of a medical examination of insured wherein the medical examiner stated, " I do not recommend the acceptance of the risk." The premium due July 1, 1913, was duly tendered the defendant by the insured on that date but was not accepted. The insured, Marquis Davis, died June 10, 1914. The plaintiff on October 23, 1916, commenced this action, alleging that the policy was in full force at the time of the death of the insured. The defendant alleged that on June 1, 1912, the notice required by section 92 of the Insurance Law was mailed to both the insured, Marquis Davis, and the assignee of the policy, the plaintiff, and that by reason of the failure to pay the premium due July 1, 1912, and the service of such notice of forfeiture, the policy and all benefits thereunder have been forfeited, and that the plaintiff has no valid claim thereunder against the defendant. Upon the trial the defendant gave proof of the proper service of the notice required by section 92 of the Insurance Law upon the insured, and then contended that such section did not require any notice to be given to the plaintiff as assignee of the policy in order to entitle it to declare the policy forfeited in the event of the nonpayment of the premium due July 1, 1912. A verdict was directed for plaintiff's claim in full, and the defendant now moves to set the same aside upon the ground that such verdict is erroneous, for two reasons:

(a) The service of notice that forfeiture of the policy would be the penalty upon the insured dispensed with the necessity of service of a like notice upon the assignee, and

(b) The Statute of Limitations provided by section 92 of the Insurance Law is a bar to this action.

Section 92 of the Insurance Law provides that a for-

feiture of a policy of life insurance of the character in question for nonpayment of premiums can only be declared prior to the expiration of one year from the date when the premium is due, when the insurance company not less than fifteen days and not more than forty-five days before the maturity of the premium, the nonpayment of which is sought to be the basis of a declared forfeiture, shall have mailed a notice, stating that unless such premium shall be paid when due the policy will become forfeited and void, " to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his last known post-office address," etc. Defendant contends that it did give notice to the insured or the assignee; that the statute requires notice only to one, either the insured or the assignee; that the defendant has the option to determine to whom notice must be given; that having given notice to the insured it has complied with the literal requirement of the statute. The difficulty with such contention is that it ignores the plain purpose and intent of the statute. The beneficial interest of the assignee has no protection whatever if it can be destroyed by any act of the insured and the insurance company without notice to the assignee. It was for the want of such protection that the requirement of notice to the assignee was added to chapter 341 of the Laws of 1876 by chapter 321 of the Laws of 1877. The requirement of a notice to the assignee in all cases where the insurance company has knowledge of the assignment is so plainly stated in the statute that it cannot be dispensed with. Such has been the uniform construction of the statute wherever it has been in question. *Strauss v. Union Central Life Ins. Co.,* 33 Misc. Rep. 333; 60 App. Div. 632; 170 N. Y. 349.

As notice was not given to the plaintiff, the defendant was powerless to declare the policy forfeited at any time prior to July 1, 1913; it was not forfeited as to plaintiff's interest in it by reason of the service of the notice on the insured. *Fischer* v. *Metropolitan Life Ins. Co.,* 167 N. Y. 179; *De Frece* v. *National L. Ins. Co.,* 136 id. 144; *Flint* v. *Provident Life & Trust Co.,* 215 id. 254.

In *Liesny* v. *Metropolitan Life Ins. Co.,* 166 App. Div. 625, it was held that under section 92 of the Insurance Law the policy became void and forfeited at the expiration of one year after the maturity of the premium without the service of the notice that forfeiture would occur on nonpayment of the premium. This decision is urged by defendant as being decisive of the question here presented. The difficulty is that nothing whatever is said in the *Liesny* case as to what happens when the premium is in fact paid or tendered before the expiration of the year within which the corporation is authorized to forfeit for nonpayment of premiums. It must be assumed that there was no proof in the *Liesny* case as to the payment of the premiums. The fact is that in the case at bar the insured, on January 8, 1913, sent his check to the defendant's general agent in payment of the premium due July 1, 1912. The fact is that on January 8, 1913, the policy had not been forfeited and could not have been declared forfeited before July 1, 1913. The right to declare the policy forfeited July 1, 1913, was dependent upon the nonpayment of the premium due July 1, 1912, on or before the exercise of the power to declare a forfeiture. It is idle to say that the statute postponed the right to declare the policy forfeited for one year after July 1, 1912, and denied to the insured the right to pay the defaulted premium at any time within the year. It is

only in case that the notice is served that the premium must be paid within thirty days to prevent a forfeiture. When the insured sent his check to defendant January 8, 1913, in payment of the premium due July 1, 1912, the defendant retained such check until March 14, 1913, and then returned it to the insured, not because of that manner of paying the premium, but asserted that the premium could not be paid without the payment being accompanied by a certificate of good health. The provision of the policy providing for a reinstatement of the policy at any time within five years after default in paying a premium has sole reference to a forfeited policy; there could be no reinstatement of a policy that had not been, and could not have been, forfeited; there could be no reinstatement of a policy that was in full force.

The holding must be that the premium due July 1, 1912, having been paid or tendered by the insured January 8, 1913, the defendant lost its right to declare the policy forfeited at the expiration of one year from July 1, 1912. The premium due July 1, 1913, having been tendered on that date, the policy was in force June 14, 1914, the date of the death of the insured.

The Statute of Limitations in section 92 of the Insurance Law is: " No action shall be maintained to recover under a forfeited policy, unless the same is instituted within two years from the day upon which default was made in paying the premiums  *  *  *  for which it is claimed that the forfeiture ensued." As there cannot be a forfeiture of a policy before the expiration of one year from maturity of the premium without service of the notice required by the Insurance Law, and as the premiums were tendered within the year, it necessarily follows that this action was not brought upon a forfeited policy. It is brought to

recover upon an existing, valid policy, and the Statute of Limitations above quoted is not a defense to the plaintiff's cause of action. *Adam* v. *Manhattan Life Ins. Co.,* 204 N. Y. 357.

The motion to set aside the verdict must be denied. The defendant is entitled to a deduction from the amount of the verdict of the unpaid premiums accruing July 1, 1912, and July 1, 1913. The verdict will be corrected by deducting $25 and entered at the sum of $1,119.98.

Ordered accordingly.