No. 26,876.

The Bank Savings Life Insurance Company, *Plaintiff*, v. W. R. Baker, Superintendent of Insurance, *Defendant*.

SYLLABUS BY THE COURT.

Life Insurance—*Forfeiture of Policy—Notice—Operation of Statute.* Chapter 184 of the Laws of 1925 operates prospectively, and has no effect on policy contracts of insurance previously issued.

Original proceeding in mandamus. Opinion filed April 10, 1926. Judgment for defendant.

*E. R. Sloan*, of Holton, for the plaintiff; *Robert Stone, George T. McDermott, Robert L. Webb, Beryl R. Johnson*, all of Topeka, and *Frederic G. Dunham*, of New York, N. Y., of counsel.

*J. Earl Farrish*, of Topeka, for the defendant.

The opinion of the court was delivered by

Harvey, J.: This is an action in mandamus and under the declaratory judgment act. The point in controversy is whether the amended law relating to notice of forfeiture of life insurance policies applies to policies issued prior to its passage. The statute was originally enacted in 1913 (ch. 212), was amended in a particular not here important in 1923 (R. S. 40-332, 40-333), and substantially amended by chapter 184 of the Laws of 1925. As here printed

Insurance, 32 C. J. p, 1162 n. 24 et seq. Statutes, 36 Cyc. pp. 1205 n. 13, 1207 n. 15, 1208 n. 16, 1209 n. 38; 25 R. C. L. 786.

the words in brackets were in the statute of 1913; those in italics were not. The amended statute omitted the words in brackets but includes those in italics.

"Section 1. It shall be unlawful for any life insurance company other than fraternal doing business in the state of Kansas *within six months after default in payment of any premium or installment of premium,* to forfeit or cancel any life insurance policy on account of nonpayment of any *such* premium *or installment of premium* thereon, without first giving notice in writing to the [holder of any] *insured under* such policy of its intention to forfeit or cancel the same: *Provided, however, That this section shall not apply to any policy under the terms of which₁ the premium is to be paid weekly, biweekly or monthly and under which a grace period of at least four weeks is granted for the payment of every premium after the first, during which time the insurance shall continue in force.*

"Sec. 2. Before any such cancellation or forfeiture can be made for the nonpayment of any such premium the insurance company shall notify the [holder of] *insured under* any such policy that the premium thereon, stating the amount thereof, is due and unpaid, and of its intention to forfeit or cancel the same, and such [policyholder] *insured* shall have the right at any time within thirty days after such notice has been duly deposited in the post office, postage prepaid, and addressed to such [policyholder] *insured* to the address last known by such company [in which], to pay such premium: *Provided, That in lieu of the notice hereinbefore provided in the case of policies providing for a period of grace of not less than thirty days or one month for the payment of premiums and containing any provision for cancellation or forfeiture in case of nonpayment of premiums at the end of such period, the insurance company may, not more than thirty days prior to the date specified in such policy when any premium will become due and payable without grace, in like manner notify the insured under any such policy of the date when such premium will fall due, stating the amount thereof, and its intention to forfeit and cancel the same if such premium be not paid within the period of grace provided in the policy;* and any attempt on the part of such insurance company, *within six months after default in the payment of any premium,* to cancel or forfeit any such policy without the notice herein provided for shall be null and void. The affidavit of any responsible officer, clerk or agent of the corporation, authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be *prima facie* evidence that such notice has been duly given."

The two material changes made by the amending statute of 1925, here in controversy, are (1) to prohibit an insurance company from forfeiting or canceling a policy for nonpayment of premium within six months after default in such payment, without giving the notice required by the statute, while the 1913 statute required notice in all cases; and (2) providing, as to policies having a thirty-day grace period, that the notice may be given not more than thirty days be-

fore the premium-paying date, while the 1913 statute made no distinction as to policies having grace periods. Generally speaking, the plaintiff contends that these provisions of the amended statute of 1925 apply to all life insurance policies issued since the 1913 law went into effect; while the defendant contends that they apply only to policies issued after the 1925 statute went into effect.

Ordinarily statutes are designed to apply prospectively rather than retrospectively. They may, of course, be remedial in their nature, designed to apply to and remedy existing conditions. They are not construed as applying retrospectively unless such is clearly the legislative intent. When such construction will disturb vested rights, or impair the obligations of existing contracts, it will not be given unless the wording of the statute makes such construction imperative.

This court, in construing the statute of 1913, held that it had no retrospective operation, and did not apply to policies issued prior to its enactment. (*Lightner v. Insurance Co.*, 97 Kan. 97, 154 Pac. 337; *Priest v. Life Association*, 99 Kan. 295, 161 Pac. 631.) In both cases the question was carefully considered. No good reason appears why the same rule should not apply to the statute of 1925. In both cases it was said in substance that the statute makes a radical change in the contract, between policies previously issued and those issued under the statute, a change materially affecting the rights and obligations of the parties. In *Reynolds v. Insurance Co.*, 105 Kan. 669, 675, 178 Pac. 605, it was said: "The statute requiring the giving of the written notice was a part of the policy." In *Cunningham v. Insurance Co.*, 106 Kan. 631, 189 Pac. 158, it was said:

"So that except for the statute a forfeiture would have resulted automatically from a default which continued for thirty days. The statute, of course, is to be read into the contract as a qualification of the provision referred to." (p. 633.)

Therefore, from our previous decisions construing the statute of 1913 in question it is clear that as to life insurance policies issued while that statute was in force the terms of the statute should be read into the policy as a part of the contract between the parties the same as though it were actually written therein (as the record here shows it is actually written into the policies of some insurance companies), and that the statute contains provisions materially affecting the rights and obligations of the parties. This holding is in ac-

Bank Savings Life Ins. Co. v. Baker.

cordance with the general rule that a statute pertaining to the rights, liabilities or obligations of parties under an insurance contract are construed as a part of a policy issued when the statute is in force.

In 32 C. J. 1162 the rule is thus stated:

"A statute applicable to a contract of insurance and in force at the time of the making of the contract enters into and forms a part thereof in the same manner as if it had actually been written or copied therein, and, in construing the terms of the policy, the statute is to be read in connection therewith, notwithstanding a subsequent amendment or repeal of the statute."

See, also, *Southland Life Ins. Co. v. Hopkins*, 219 S. W. 254 (Tex. Civ. App.) ; *E. O. Barnett Bros. v. Western Assur. Co.*, 143 Ark. 358; *Insurance Co. v. Lumber Co.*, 118 Miss. 740; *Camden Wholesale Grocery v. Natl. F. I. Co.*, 106 S. C. 467; *Commercial Union Assur. Co. v. Schumaker*, 119 N. E. 532 (Ind. App.) ; *Union Mut. Ins. Co. v. Huntsberry*, 57 Okla. 89; *McKinney v. Insurance Co.*, 270 Mo. 305; *Prudential Insurance Co. v. Ragan*, 184 Ky. 359; *Cranston v. California Ins. Co.*, 94 Ore. 369; *Cole v. Jefferson Standard Life Ins. Co.*, 113 S. C. 22; *Ross v. Capitol Life Insurance Co.*, 205 Mo. App. 243; *Lindemann v. Insurance Co.*, 217 Mich. 698; *Pasherstnik v. Continental Ins. Co.*, 67 Mont. 19; *State, ex rel. Business Men's Assurance Co., v. Allen*, 302 Mo. 525; *Jarman v. Knights Templars' & Masons' Life Indemnity Co.*, 95 Fed. 70, 104 Fed. 638, 187 U. S. 197.

This list is not intended to be complete, but to indicate the variety of statutes considered, and how thoroughly this principle is imbedded in the law.

It is also the rule when a policy of insurance is issued and a contract of insurance made, and there is in force a statute which, in legal contemplation, enters into and becomes a part of the contract, and which materially affects the rights and obligations of the contracting parties, such rights and obligations are not affected by the amendment or repeal of the statute. (See *Jarman v. Knights Templars' & Masons' Life Indemnity Co.*, supra.) In *Hanover Fire Ins. Co. v. Dallavo*, 274 Fed. 258, it was held:

"A statute prescribing the scope and effect of contracts of insurance and the duties and obligations of the parties is as much a part of contracts, written while it is in force, as though incorporated into them, and such contracts are not affected by its repeal."

In *Christensen v. Insurance Co.*, 160 Mo. App. 486, it was held that section 7897 of the Revised Statutes of 1899, providing for

nonforfeiture of life insurance contracts, became a part of an insurance policy issued in 1901 while the statute was in force, and that the contract rights of the parties were not changed by the amendment of the statute in 1903. In *Moore v. Guaranty Fund Life Society,* 178 Ill. 202, it was held that the rights to a death benefit on a policy issued in 1892, while the statute of 1885 was in force, will be determined wholly by that act, and not by the act of 1893 under which the society reorganized, because the later statute could have no retrospective effect on the contract. In *Plaut v. Insurance Co.,* 26 Ohio Cr. Ct. R. 499, it was held that section 3629 of the Revised Statutes relating to distribution of the proceeds of a policy, having been passed after the policy was issued, could not affect the rights of the parties. In *Dickirson v. Pacific Mut. Life Ins. Co.,* 150 N. E. 256 (Ill.), it was held that the standard provision statute, effective January 1, 1916, does not affect policies issued prior thereto. In *Adam v. Manhattan Life Ins. Co.,* 204 N. Y. 357, the policy was issued in 1885, while the statute of 1877 (similar to our statute of 1913) was in effect. The insured died in 1907, while the statute of 1897 (similar to our statute of 1925) was in effect. It was held that the statute of 1897 does not apply to policies issued when the statute of 1877 was in full force and effect, which were deemed to be issued under the provisions of the statute, it becoming a part of the contract itself. Some reasoning in the Adam case was spoken of as dictum by the supreme court in *Liesney v. Metropolitan Life Ins. Co.,* 148 N. Y. Supp. 1057, 1063, but the same case, 151 N. Y. Supp. 1084 (App. Div.) takes a different view and cites the Adam case in support of it. This decision notes that the policy in suit was issued in 1908, after the amended statute went into effect, hence the point we are here considering was not before the court. The Adam case was cited and followed by the court of appeals in *Thompson v. Postal Life Ins. Co.,* 226 N. Y. 363, and is the latest New York case on the point we are here considering. In *Hathaway v. Mutual Life Ins. Co.,* 99 Fed. 534, the United States circuit court of Washington held that under a life policy, issued in New York while the laws of 1877 were in force, the rights of the parties were not affected by laws of 1892, repealing the former law, and that the amended law of 1897 could not deprive the policyholder of his rights under the law in force at the time the policy was issued. This case distinguishes the Rosenplanter case, next to be mentioned.

Plaintiff cites, as opposing the view of the authorities last men-

tioned, the case of *Rosenplanter v. Provident Sav. Life Assur. Soc.*, 96 Fed. 721. In that case a term policy for one year, renewable on certain conditions, was issued in 1889 while the New York notice law of 1877 was in force. That law was specifically aménded in 1892, so as to except term policies from the provision requiring notice for their termination, and specifically providing that it applied to policies "hereafter issued or renewed." It was held that the policy, having been renewed after the 1892 law went in force, was governed by that statute, rather than by the law of 1877 in force when it was issued. There is a similar holding as to a term life and accident policy in *Dickirson v. Pacific Mut. Life Ins. Co.*, 150 N. E. 256 (Ill.), and in other cases. But these cases are not controlling here, for the reason that the policies here in question are not term policies, and our statute does not specifically refer to policies afterwards "renewed." Other New York cases are cited construing the word "renewed" in their statute, but they are not applicable to our statute.

Plaintiff argues that the statute of 1913 gave the insured thirty days' free insurance and other advantages, which he did not previously possess, and what is given him by statute may be taken away by statute (Bill of Rights, § 18). This hardly states the matter accurately. In a sense the statute gave the insured nothing; that is, it affected no prior contract. It did provide, as to policies issued while the statute was in force, that they must contain the statutory provision that they could not be forfeited or canceled, or permitted to lapse, if that is a better term, for nonpayment of premium until notice of intention to forfeit or cancel be mailed by the insurer after the premium was due, and the insured have thirty days thereafter in which to pay; but it cannot be said the insured did not pay for these conditions in his policy. The amount of the premium was fixed by the insurer, or agreed upon by insurer and the insured; the statute did not pertain to the amount of the premium. If, as is argued, most insurers made no additional charge because of these statutory conditions of policies issued, perhaps it was because they did not regard such statutory conditions sufficiently onerous to justify such a charge; but whatever may be the reason, the statute had nothing to do with it; the matter was entirely in the hands of the insurer, to be fixed, or agreed to by the insurer. When the insured bought the policy contract and paid the price therefor fixed by the insurer, or agreed upon between them, he paid for all the conditions of the policy contract beneficial to him, including the statutory con-

ditions as to forfeiture or cancellation of the policy for nonpayment of premiums.

Much is said in the briefs as to whether the right of the insured, under a policy issued while the 1913 statute was in force, is a vested right—one which goes to the obligation of the contract. It will not be necessary to discuss this feature of the case at length. The authorities heretofore cited determine it adversely to plaintiff. We can hardly conceive of a question more vital to both parties under a contract of insurance than the time when the obligations and liabilities thereunder begin, and the time when, or conditions under which, they terminate.

Plaintiff argues that the six months' provision of the statute of 1925 should be held to apply to policies issued under the statute of 1913 for the reason that it is, in effect, a statute of limitation. The difficulty with this argument is that the provision is not, in effect, a statute of limitation; it is a statutory contract provision by which a policy may be forfeited or canceled without notice. The New York law of 1897 on the same subject provides that the policy may be forfeited or canceled without notice if there has been default in the premium payment for a year, and also provides that no action shall be brought upon a policy, forfeited or canceled for nonpayment of premiums, after two years from such default. This last provision is a statute of limitations, while the other is a statutory provision permitting forfeiture, after a stated time, without notice. This distinction is clearly brought out in *Thompson v. Postal Life Ins. Co.*, 226 N. Y. 363.

The result is that the statute of 1925 (Laws 1925, ch. 184) operates prospectively, and does not affect policies issued before it went into effect.

Judgment will be rendered for defendant.

BURCH, J., dissents with respect to the six months' provision.